# W. T. Pate Auto Co. *v.* W. J. Westbrook Elevator Co.*

### (Division A. March 29, 1926.)

### [107 So. 552. No. 25114.]

Negligence. *Liability of seller of manufactured article to third person is dependent on some fraud or negligence.*
Any liability of seller of manufactured article for damage from defect therein to a third person with whom he has no contractual relations, is dependent on some fraud, deceit, or concealment, or on some negligence, or omission of duty, such as reasonable inspection to discover defects in material or workmanship, so that no cause of action is stated by mere general charge that elevator, sold by defendant to plaintiff's lessor, was of defective and inferior material and workmanship, and by reason thereof it fell.

---

*Corpus Juris-Cyc. References: Negligence, 29 Cyc., p. 479, n. 88, 88 New; On liability of a manufacturer or vendor to third parties who have no contractual relations with him for negligence in the construction, manufacture or sale of articles he handles, see notes in 2 L. R. A. (N. S.) 303; 5 L. R. A. (N. S.) 1103; 17 A. L. R. 708; 24 R. C. L., pp. 512-519; 3 R. C. L. Supp. 1373; 4 R. C. L. Supp., 1543; 5 R. C. L. Supp., p. 1290.

Appeal from chancery court of Hinds county, First district.

Hon. V. J. Stricker, Chancellor.

Suit by the W. T. Pate Auto Company against the W. J. Westbrook Elevator Company. From a decree dismissing the bill, after the sustaining of demurrer thereto, complainant appeals. Affirmed.

*Green, Green & Potter,* for appellant.

The averments of the bill are a plain statement "in ordinary and concise language under section 338, Hemingway's Code, and maintainable if the cause of action was upon an implied warranty, or if it was upon a breach of duty to the public, or if it was upon negligence

of the manufacturer in constructing an elevator with such defective parts as to make it dangerous to operate and whereby the injury complained of, was caused. An elevator in a building is an instrument of transportation or carriage as much so as a railroad train or a bridge. It furnishes transportation of persons and things throughout the length of its operation, and the manufacturer and vendor of the elevator designs it to be used by the public as well as the vendees, and especially by persons who are called upon in the course of business to use the elevator in the building; and as it moves up and down a distance of thirty feet, as averred, it is an instrumentality dangerous in its operation; and that it is dangerous in its operation, if defectively constructed, is known to all men, and especially to the manufacturer thereof.

It is immaterial under the allegations of this bill, which is drawn so as to cover every aspect of liability whether the liability arises to third persons from an implied warranty or negligence or breach of duty. *Davis* v. *Van Camp Packing Co.,* 17 A. L. R. 650; *Boyd* v. *Coca Cola Bottling Co.,* 132 Tenn. 23; *Pillars* v. *R. J. Reynolds Tobacco Co.,* 78 So. (Miss.) 365. It will be perceived from the last case cited that this court sanctions the proposition that the manufacture and sale of a dangerous instrumentality imposes liability upon the manufacturer for injury to the ultimate consumer and the concealed and decaying toe in the plug of tobacco is not nearly so dangerous an agency as defective cogs and appliances in an elevator which are concealed and of which the user has no possible means of detection. See, also, *Rainwater* v. *Hattiesburg Coca Cola Bottling Co.,* 95 So. (Miss.) 444; *Jackson* v. *Chapman,* 64 So. 791.

*Mayor, etc.,* v. *Holmes,* 63 So. (Miss.) 454, the case which, we understand, controlled the chancellor in sustaining the demurrer in the case at bar, is inapplicable in its principles to the case of an elevator dangerous in its operation if defectively constructed. There a church was raised by the city through a contractor, and suit was

brought by persons who were injured by the giving way of the foundation, and the court held that the responsibility to persons injured, if any, was by the city as it had accepted the building from the contractor. It is to be noted that the court held that before the city, the person who did the work; that is, the manufacturer, could be held liable, there must be some element of deceit *or concealment of the dangerous instrumentality,* and that the bill of complaint may reasonably be construed to mean that the negligent construction and poor material used in the building *were obvious,* and that the owner accepted the work without demur; and if this be true, it follows that the owner knew of the defect when it accepted the building. It must be shown that the owner was unaware of the danger, and that the city or its agent concealed the defective material and workmanship. *O'Brien* v. *American Bridge Co.,* 110 Minn. 364, cited in the Holmes case, is directly in point and substance with the case at bar. In that case, it was a defective bridge, a means or instrumentality to carry persons over a place of danger. An elevator performs the same function; and if it falls, it has the same effect as a bridge falling. This case collects many authorities on different aspects of liability. *Bright* v. *Barnett & Record Co.,* 26 L. R. A. 524, is directly in point. See, also, *Johnson* v. *Cadillac Motor Car Co.,* 8 A. L. R. 1023.

If liability is imposed upon a manufacturer for the defective construction of an automobile used for transportation of persons and things, it certainly would be applicable to an elevator which is very much more dangerous in operation than an automobile, the one passing through the air, and the other over land. One of the latest cases reviewing the subject is *Heckel* v. *Ford Motor Co.,* 128 Atl. 242, holding: "The manufacturer of an appliance that will become highly dangerous when put to the uses for which it is designed and intended, because of defects in its manufacture, owes to the public a duty, irrespective of any contractual relation, to use reasonable care in the manufacture of such appliances,

and such duty calls for and requires the exercise of reasonable care in applying reasonable tests to detect defects and deficiencies in the appliances.'' See, also, *Tom v. Nichols Shoe Mfg. Co.*, 215 Fed. 881; *Garland* v. *R. R. Co.*, 76 N. H. 556; *Hakner* v. *Otis Elevator Co.*, 89 N. Y. S. 185-7; *Kuellin* v. *Roderick Loan Mfg. Co.*, 183 N. Y. 78, 2 L. R. A. (N. S.) 303, 111 Am. St. Rep. 691, 75 N. E. 1098; *Quitman Co.* v. *Stritze*, 69 Miss. 460; *Jones* v. *Jones*, 99 Miss. 600; *N. O. & N. E. R. R. Co.* v. *N. O. G. N. R. R. Co.*, 107 Miss. 453.

*George Butler,* for appellee.

In its last analysis the effect here is to make the manufacturer of a freight elevator an absolute insurer of all persons or property using the elevator and, as a consequence, liable in tort or implied warranty for all damages to such persons or property by reason of a defect in the construction of the elevator; notwithstanding the manufacturer is not guilty of any negligence whatsoever in the construction thereof; knows of no defect; made reasonable inspections; was guilty of no fraud or concealment; and did nothing it should not have done and failed to do nothing which it should have done. It seems to us that to state the proposition advanced in this case is sufficient to show there is no liability.

Counsel have cited no cases except those regarding foods, beverages, etc., in which the manufacturer where he was not guilty of negligence or some active willful wrong, has been held liable. In each case cited by appellant, the court found as a fact that the defendant knew of or concealed the defect or was guilty of negligence in the manufacture or construction of the instrumentality which caused the injury. The manufacturer of such instrumentality is liable to third persons only where he knows of the defect in an imminently dangerous product; and in the absence of knowledge of such defect, is liable only to persons in privity of contractual relation. *Burkett* v. *Stubaker Bros.*, 150 S. W. 421; *Pillars* v. *Reynolds To-*

*bacco Co.,* 117 Miss. 490; *Curtain* v. *Somerset,* 12 L. R. A. 322; *Nat'l Savings Bank* v. *Ward,* 100 U. S. 195; *Marshall Field* v. *French,* 80 Ill. App. 79; *Zeiman* v. *Keicheifer Mfg. Co.,* 63 N. W. 1021; Cooley on Torts (3rd Ed.), p. 1486; *Husset* v. *Case Threshing Machine Co.,* 61 L. R. A. 303; *Simon* v. *Gregory,* 120 Ky. 1116; *Hudspeth* v. *Elevator Co.,* 122 Ky. 675, 5 L. R. A. (N. S.) 1103.

One of the leading cases on the subject of liability in cases of this kind is *Husset* v. *Case Threshing Machine Co.,* 51 L. R. A. 303. The court there lays down the general rule to the effect "that a contractor, manufacturer, or vendor is not liable to third parties who have no contractual relations with him, for negligence in the construction, manufacture or sale of the articles he handles," and cites cases showing liability was denied to third parties where defects existed in a stage coach, a leaky lamp, a defective chain furnished, improperly hung chandelier, defective valve in an oil car, defective porch on a hotel, defective side saddle, defective rim in balance wheel, defective boiler, defective cylinder in a threshing machine, defective rope on a derrick, defective shelf for a workman to stand upon in placing ice in a box, defective hoisting rope of an elevator, runaway horse, a defective hook holding a heavy weight in a drop press, a bridge, a defective shelf in a dry goods store, a staging erected by a contractor for the use of his employees, and to these may be added cases holding that there is no liability in the case of a defective elevator. *Simion* v. *Gregory,* 120 Ky. 116; *Hudspeth* v. *Elevator Co.,* 122 Ky. 675, 5 L. R. A. (N. S.) 1103; *Field* v. *French,* 80 Ill. App. 78; *Zieman* v. *Kieck Elevator Co.,* 90 Wisc. 497, 63 N. W. 1021.

The same rule has been applied in *Ford Motor Co.* v. *Linsely,* 61 Okla. 231, 160 Pac. 901; and the court in *Woods* v. *Clement,* 113 Miss. 720, has adopted the Oklahoma rule that an automobile is not an imminently dangerous agency. One of the most recent cases upon this subject is *Windrum Mfg. Co.* v. *Boston Blacking Co.,* 17 A. L. R. 669, to which is appended a copious note.

The general rule of non-liability in cases of this kind is recognized in *Pillars* v. *Tobacco Co.*, 117 Miss. 460, and *Pease & Dwyer* v. *Somers Plantation*, 130 Miss. 147. A Mississippi case which seems to settle this controversy is *City of Vicksburg* v. *Holmes*, 106 Miss. 235.

It is sometimes said that an extension of the rule would go far to compel manufacturers to make their products in fact what they seem to be, would tend to encourage honesty and fair dealing and insure a higher degree of care in the manufacture of articles intended for commerce; and it has been urged that for these reasons the rule should be extended. But this argument is ably answered in *Kuelling* v. *Roderick Mfg. Co.*, 84 N. Y. Sup. 662.

To hold that there is liability in this case would be an unwarranted and unreasonable extension of the rule. The manufacturers of sleeping cars, day coaches, street cars, automobiles, freight elevators, trucks, buggies, wagons and all other instrumentalities used for the transportation of persons and property would be absolute insurers of such persons or property, no matter through how many hands the instrumentality had passed. If the rule should be applied to these instrumentalities, there is no reason why it should not be extended to wheel barrows, step-ladders, lamps, chairs, buildings, side-saddles, machinery, staging, and any and all instrumentalities which may, by reasons of defects in workmanship or material, prove dangerous to third persons having occasion to use or come in contact with them, and we do not see how this doctrine can be applied in this state, unless the court is prepared to overrule *Vicksburg* v. *Holmes*, 106 Miss. 233, and *Wheeler* v. *Bottling Works*, 111 Miss. 443. The decree of the lower court should be affirmed.

Argued orally by *George Butler*, for appellee.

Cook, J., delivered the opinion of the court.

This is an appeal from a decree of the chancery court of the First district of Hinds county, sustaining a de-

murrer to the amended bill of complaint filed by the W. T. Tate Auto Company against the W. J. Westbrook Elevator Company. The amended bill of complaint alleges:

That "the complainant did lease of and from W. T. Pate that certain building on the southeast corner of Pearl and Farish streets; that in the building so thus leased was an elevator purchased by the said W. T. Pate from said non-resident defendant; that an elevator is a thing that is obvious to the seller thereof; that a defect therein will likely result in injury to those using it; that said elevator so furnished by said Westbrook Elevator Company to said W. T. Pate was made of defective and inferior materials and workmanship, and that on or about the—day of December, 19—, when same was being operated by complainant in this case in a prudent manner, by reason of said defects, certain cogs and gearing broke and stripped, causing said elevator to fall a distance of some thirty feet; and that at the time of such fall there was on the said elevator a certain employee of the said W. T. Pate Auto Company who was seriously injured."

It is further alleged that by reason of the falling of the elevator, resulting in injury to its employee, the complainant was rendered liable to the employee for the failure to furnish him a safe place to work, and that it compromised and settled this liability for the sum of two thousand dollars. It is also alleged that at the time the elevator fell there was a Lincoln automobile thereon which was damaged to the extent of four hundred dollars, and that, under the contract between the complainant and W. T. Pate, the complainant was required to repair the elevator at a cost of seven hundred dollars, and the bill prays for a decree against the defendant for the total of these several items.

To this amended bill of complaint the defendant filed a demurrer, averring that there was no equity on the face of the bill; that there was no privity of relation between Pate Auto Company and the elevator company; that the elevator company owed no duty to the auto company, and that the auto company had no cause of action

against it for the alleged breach of duty to W. T. Pate; that the complainant was not subrogated to any right of action which W. T. Pate might have against the elevator company for the alleged negligence in the construction of said elevator; and that the elevator was not in its nature imminently dangerous. The demurrer was sustained, and, the complainant declining to amend, the bill was dismissed, and from this decree this appeal was prosecuted.

There is a conflict in the authorities upon the question of whether or not a contractor, manufacturer, or vendor of an article is liable to third parties who have no contractual relations with him, for negligence in the construction, manufacture, or sale of such articles. The line of cases which hold that one who manufactures an article or machine, which is rendered imminently dangerous by reason of negligent construction, is liable to third parties for injuries or damage resulting from such negligence, is illustrated in the cases of *McPherson* v. *Buick Motor Co.,* 111 N. E. 1050, 217 N. Y. 382, L. R. A. 1916F, 696, Ann. Cas. 1916C, 440, and *Johnson* v. *Cadillac Motor Co.* (C. C. A.), 261 F. 878, 8 A. L. R. 1023, and authorities therein cited.

The opposite view is held by the United States circuit court of appeals in the eighth circuit in the case of *Huset* v. *J. I. Case Threshing Machine Co.,* 120 F. 865, 57 C. C. A. 237, 61 L. R. A. 303, in an opinon by Judge Sanborn, which reviews all the leading English and American decisions on the subject up to that date, and announces the general rule to be that a contractor, manufacturer, or vendor is not liable to third parties who have no contractual relations with him for negligence in the construction, manufacture, or sale of the articles he handles. To this general rule the opinion in the *Huset case, supra,* announces that there are three well defined and settled exceptions—the first being that an act of negligence of a manufacturer or vendor, which is imminently dangerous to the life or health of mankind, and which is committed in the preparation or sale of an article intended to preserve, destroy, or affect human life, such as drugs

or food, is actionable by third parties who suffer from the negligence; the second exception recognized is that "an owner's act of negligence which causes injury to one who is invited by him to use his defective appliance upon the owner's premises may form the basis of an action against the owner;" while the third is "that one who sells or delivers an article which he knows to be imminently dangerous to life or limb to another, without notice of its qualities, is liable to any person who suffers an injury therefrom which might have been reasonably anticipated, whether there were any contractual relations between the parties or not."

Upon the averments of the bill of complaint in the case at bar, however, we do not deem it necessary to decide what are the limits of the liability of manufacturers and vendors for negligence in the manufacture and sale of an article. An examination of the various cases which have held that the manufacturer or vendor of an article is liable to third parties with whom he has no contractual relations shows that liability is made to depend upon some fraud, deceit, or concealment, or upon some negligence, or omission of duty, such as reasonable inspection to discover defects in material or workmanship, while in the bill of complaint in the present case there is no averment of fraud or concealment, or that the defendant was negligent in any respect in the manufacture or construction of the elevator, or that the defendant knew of any defect in workmanship or material, or could have discovered the same by reasonable inspection. The only charge in the bill of complaint is the general one that the elevator was made of defective and inferior material and workmanship, and that by reason of said defects it was caused to fall. There is no averment of facts from which the inference of negligence necessarily arises, and we think the demurrer to the bill of complaint was properly sustained.

*Affirmed.*