KILCREASE v. GALTNEY MOTOR CO. *et al.*\*

(Division A.    Jan. 2, 1928.    Suggestion of Error Overruled Jan. 30, 1928.)

[115 So. 193.    No. 26779.]

NEGLIGENCE.    *Seller held not liable to buyer's employee injured because of seller's negligence in setting up sawmill not manufactured by seller.*

Seller of sawmill, not manufactured by seller, *held* not liable to buyer's employee who was injured because of negligence of seller's agent in failing to securely fasten belt wheel to shaft by means of set screw when setting up sawmill and in turning sawmill over to purchaser in such condition.

---

\*Corpus Juris-Cyc. References: Negligence, 29Cyc, p. 478, n. 86.

APPEAL from circuit court of Alcorn county.

HON. C. P. LONG, Judge.

Action by Jasper Kilcrease, by next friend, M. E. Kilcrease, against the Galtney Motor Company and others. From a judgment for defendants, plaintiff appeals, Affirmed.

*Ely B. Mitchell,* for appellant.

Counsel for appellant is cognizant of the general rule that a manufacturer or seller is not liable to third persons, who have no contractual relation with him, for negligence in the construction, manufacture, or sale of articles manufactured or sold. Under the general rule privity of contract is essential to the right of action. There are well-defined exceptions to this general rule which are as true as the rule itself. Counsel for appellee will contend that the general rule is applicable to the case at bar and since there is no privity of contract between the appellees and the appellant he has no right of action, and will rely upon 20 R. C. L., sec. 44, p. 49; *City of Vicksburg* v. *Holmes,* 106 Miss. 234; and *Pate Auto Co.* v. *Westbrook Elevator Co.,* 142 Miss. 419, 107 So. 552. He will contend that these cases settle the law in Mississippi on this subject. Counsel for appellant contends that the General Rule is not applicable to the case at bar but that it is governed by one of the exceptions of the general rule, which is as true as the rule itself. The exceptions to the general rule are: First. When he is negligent in the manufacture and sale of an article intrinsically or inherently dangerous to health, limb, or life. Second. When he sells an article for general uses which he knows to be imminently dangerous and unsafe and conceals from the buyer defects in its construction for which injuries might reasonably be expected to happen to those using it. ''The liability of one who sells an article imminently dangerous to a person, not in priv-

ity of contract with him, is founded in tort and not in contract.'' 24 R. C. L., sec. 806, p. 514.

The proposition will stand thus,—whenever one person supplies goods, machinery, or the like, for the purpose of their being used by other persons under such circumstances that everyone of ordinary sense would, if he thought, recognize at once that unless he used ordinary care and skill with regard to the condition of the things supplied or the mode of supplying it, there would be danger of injury to the person or property of him for whose use the things are supplied and who is to use it, a duty arises to use ordinary care or skill as the condition or manner of supplying such thing. This includes the case of goods, etc., supplied to be used immediately by a particular person or persons, or of one of a class of persons, where it would be obvious to the person supplying, that the goods would in all probability be used at once by such persons before a reasonable opportunity for discovering any defect which might exist and where the thing supplied would be of such a nature that a neglect of ordinary care or skill as to its condition, or the manner of supplying it, would probably cause danger to the person or property of the person for whose use it was supplied, and who was about to use it. 17 A. L. R. 683; 20 R. C. L., sec. 45, p. 50; *Bright* v. *Barnett*, 88 Wis. 299, 29 L. R. A. 524; *Cox* v. *Mason*, 89 App. Div. 219, 85 N. Y. Supp. 973.

In *Olds Motor Works* v. *Shaffer*, 145 Ky. 616, 37 L. R. A. (N. S.) 560, it is held that a representation by an agent of the seller that an automobile was well built and a well-constructed machine, was a representation of the condition of the automobile upon which the purchasers had the right to rely, and, if the machine was not as represented, the representation might be treated as concealment from the purchasers of the defects in its construction, which would render the seller liable to the third person injured because of this defect while riding in the

149 Miss.—45.

automobile.  See *Heineman* v. *Barfield,* 136 Ark. 456, 207
S. W. 58; *McLawson* v. *Paragon Refining Co.,* 198 Mich.
222; *Hasbrouck* v. *Armour & Co.,* 139 Wis. 357, 23 L. R.
A. (N. S.) 876; *Schubert* v. *Clark Co.,* 49 Minn. 331, 15
L. R. A. 818; *Glenn* v. *Winters,* 17 Misc. 597; 40 N. Y.
Supp. 659.

In sustaining the liability of the manufacturer of an
automobile, who used a defective wheel which he did not
himself manufacture, in *Macpherson* v. *Buick Motor Co.,*
217 N. Y. 392, L. R. A. 1916-F 696, on the question of
necessity of privity, the court said: "There is here no
break in the chain of cause and effect.  In such circum-
stances, the presence of a known danger, attendant upon
a known use, makes vigilance a duty.  We have put aside
the notion that the duty to safeguard life and limb, when
the consequence of negligence may be foreseen, grows
out of contract and nothing else.  We have put the source
of obligation where it ought to be.  We have put its
source in the law."

The appellees knew, or if they had thought, they would
have known, that M. R. Kilcrease and J. H. Harvill
could not run the sawmill alone.  It was absolutely nec-
essary for others to be engaged in the manufacture of
lumber with this sawmill outfit for it to run at all.  They
knew, or if they had thought they would have known,
that others would be engaged in handling this machinery
just as Kilcrease and Harvill.  H. A. Green knew that
the men who were then working around the sawmill out-
fit and assisting him to put it up were going to use this
machinery.  He knew that the feed pulley located under
the platform of the sawmill outfit could not be observed
by those working with this machinery.  He knew it was
his duty to set this machinery up in first class working
condition.  He undertook to do this very thing.  He owed
a duty to the appellant and to all others who were to work
with this machinery, a duty to leave the machinery in a
safe condition for others to work with, yet, he neglected
to discharge this duty.

Appellee, H. A. Green, through his negligence, set a death trap to catch the appellant, a boy of fourteen years of age. The machinery started, the death trap sprung, and the injury followed. Yet the lower court said he was not responsible for setting this death trap because he was under no contractual relation with the appellant. "All questions of negligence and contributory negligence shall be for the jury to determine." Sec. 517, Hemingway's Code 1927. The fact that the set screw was not screwed down into the key seat showed negligence on someone. It was the duty of the appellees to set the mill up in first class working condition. Since they failed to do this their negligence was the proximate cause of the injury. Their negligence should have been submitted to the jury.

*W. C. Sweat,* for appellees.

At the outset, we call the court's attention to the fact that this suit is predicated solely on the ground that the plaintiff sustained his injuries on account of the negligence of the defendant. There is no allegation in the declaration and nothing whatever in the proof to show that there was any contractual relation whatever between the plaintiff and the defendants, or any relation existing between the plaintiff and the defendants by which there was any duty on the part of defendants toward the plaintiff which they were required to perform. As between the plaintiff and these defendants, the plaintiff was an entire stranger and the defendants owed the plaintiff no duty whatever any more than they owed to the general public. There is nothing whatever to indicate that there was anything about the machine concealed by the defendant, which caused it to be dangerous. There is no allegation in the declaration, and none in the proof to the effect that the defendants actually knew that there was any defect whatever in the machine that would cause it to be liable to injure anyone.

The plaintiff, therefore stood upon the allegation alone of the simple negligence of the defendant in erecting the machine and upon the fact that the failure to screw down this set screw into the groove was the cause of the injury; and we contend that, under the settled rules of law and the uniform decisions of this court, the plaintiff made no case against the defendant. One line of authorities holds that one who manufactures an article, which is rendered imminently dangerous by reason of negligent construction, is liable for injuries or damage resulting from such negligence. *MacPherson* v. *Buick Motor Co.,* 111 N. E. 1050, 217 N. Y. 382; *Johnson* v. *Cadillac Motor Co.,* 261 Fed. 878, 8 A. L. R. 1023. The other line of authorities holds that a contractor, manufacturer or vendor is not liable to third party who has no contractual relation with him for negligence in the construction, manufacture or sale of such article, with three recognized exceptions to which reference will be hereafter made. This last line is illustrated by the case of *Huset* v. *Case Threshing Machine Co.,* 120 Fed. 865, 61 L. R. A. 303.

If the last rule announced is adopted by this court, and we think it has been adopted as shown by the cases hereinafter cited, the appellant would have to bring himself within one of the three recognized exceptions, which we contend he has not done. The third exception is where one sells or delivers an article, which he knows to be imminently dangerous to life or limb of another, without notice to its qualities. Appellant could not possibly bring himself within this exception for two reasons: first, because there is no allegation whatever in the declaration that the machine is imminently dangerous, and that the defendants knew it to be dangerous; and second there is nothing in the proof to this effect. Therefore, the appellant has failed to bring himself within any of these exceptions to the general rule represented by the majority of the courts of this country, and by this court, as above stated. "The general rule is that after a con-

tractor has turned over the work and it has been accepted by the proprietor, the contractor incurs no further liability to third parties by reason of the condition of the work; but the responsibility, if any, for maintaining or using it in a defective condition, is shifted to the proprietor." *Vicksburg* v. *Holmes,* 106 Miss. 234, 63 So. 454. In another and later case, this court had this identical question before it and appellant's contention was ruled against. *Pate Auto Co.* v. *Westbrooks Elevator Co.,* 142 Miss. 419, 107 So. 552.

There is no allegation in this declaration and no proof whatever in the record that the defendant actually knew that the set screw was not adjusted, if, in fact, it was not; and there being no privity of contract between the plaintiff and the defendants, the defendants owed no duty to the plaintiff any more than they owed to the general public. Therefore, before plaintiff would be entitled to recover from the defendants, the plaintiff would be required to show that they were guilty of some wilful wrong, or such gross negligence as would amount to wilfulness. "One who manufactures articles dangerous only if defectively made, or installed, examples: tables, chairs, stoves, or mirrors hung on the walls, carriages, automobiles, and so on, was not liable to third party for injuries caused by them except in case of wilful injury or fraud." *Loop* v. *Litchfield,* 42 N. Y. 351; *Losee* v. *Clute,* 51 N. Y. 494, 10 Am. St. Rep. 638; *Knelling* v. *Roderick, Lean Mfg. Co.,* 183 N. Y. 78, 75 N. E. 1098, 2 L. R. A. (N. S.) 303, 111 Am. St. Rep. 691.

Argued orally by *Ely B. Mitchell,* for appellant, and *W. C. Sweat,* for appellees.

SMITH, C. J. This is an appeal from a judgment by which the court below refused to award damages to the appellant for an injury to his person alleged to have been caused by the negligence of the appellee.

The declaration alleges, in substance, and the evidence

discloses, that the Galtney Motor Company sold to M. E. Kilcrease a tractor sawmill not manufactured by it, and agreed to set the mill up for, and turn it over to, him in good running order. The mill was delivered to Kilcrease, carried by him to the place where he intended to operate it, and was set up by H. A. Green, an employee of the Galtney Motor Company, who had been instructed by it so to do. Power is communicated to the machinery, by means of a belt which revolves around a wheel attached to a shaft. Provision was made by the manufacturers of the machinery for fastening this wheel to the shaft by means of a "set screw" screwed through part of the wheel and into the shaft, a groove designated as a key seat having been made in the shaft for that purpose. Green negligently failed to screw the "set screw" into the shaft far enough to securely attach the wheel thereto. After setting up the mill, Green turned it over to M. E. Kilcrease, who, a few hours thereafter, began sawing lumber therewith. The appellant, a minor, was employed by Kilcrease to work the lever which adjusted the logs on the carriage, so that they could be sawed into lumber of the dimension desired. His duties required him to ride on this carriage. About two hours after the mill had been turned over to the purchaser by Green, and while the appellant was engaged in the discharge of the duties of his employment, the carriage suddenly stopped for an instant, and then again as suddenly started forward, throwing the appellant therefrom and against the saw, which was revolving rapidly, resulting in his foot being so severely cut as to necessitate its amputation shortly thereafter. The jury would have been warranted in believing that the sudden stopping and starting of the carriage was caused by the imperfect manner in which the "set screw" had been screwed through the wheel into the shaft. The appellant sued Green and the Galtney Motor Company for damages, alleging that—"Green, while acting as agent of the Galtney Motor Company and

in the scope of his employment and in the furtherance of his master's business, recklessly, carelessly, and negligently failed to screw one of said set screws down into the said key seat or groove on the shafting so as to hold the pulley safe and fast on the shafting, and negligently and carelessly failed to place any set screw at all on the other side of the pulley so as to make the pulley doubly safe and fastened securely on said shafting."

The question presented by this record is: Is a contractor, vendor, or furnisher of an article liable to third parties who have no contractual relation with him for mere negligence in the construction, manufacture, or sale of such article? It will not be necessary for us to discuss the legion of conflicting decisions of other courts dealing with this question, for the reason that this court, in *Vicksburg* v. *Holmes,* 106 Miss. 234, 63 So. 454, 51 L. R. A. (N. S.) 469, aligned itself with those courts which answer the question in the negative. Whether this court will align itself with those courts which recognize certain exceptions to the rule referred to in *Vicksburg* v. *Holmes, supra,* and *Pate Auto Co.* v. *Westbrook Elevator Co.,* 142 Miss. 419, 107 So. 552, is not here presented for decision, for the reason that the declaration alleges, and the evidence discloses, negligence only on the part of Green in setting up the sawmill and turning it over to the purchaser.

*Affirmed.*