FORD MOTOR CO. *v.* MYERS *et al.**

(Division B.   June 4, 1928.)

[117 So. 362.   No. 27079.]

---

*Corpus Juris-Cyc. References: Motor Vehicles, 42CJ, p. 780, n. 43; On liability of manufacturer of automobile for defects causing injury to one purchasing same, see annotation in 17 A. L. R. 701; 24 R. C. L. 513; 4 R. C. L. Supp. 1543; 6 R. C. L. Supp. 1425.

*Green, Green & Potter,* for appellant.

*U. B. Parker* and *Mize & Dudley,* for appellees.

Argued orally by *Chalmers Potter,* for appellant, and *Colbert Dudley,* for appellees.

ANDERSON, J. Appellees, parents and brothers and sisters of John Myers, deceased, brought this action in

the circuit court of Scott county against appellant to recover damages for the death of the said John Myers, alleged to have been caused by the negligence of appellant. There was a trial, resulting in a verdict and judgment for appellees in the sum of three thousand dollars. From that judgment appellant prosecutes this appeal.

Appellees alleged in their declaration, in substance, that appellant was engaged in the business of manufacturing and selling automobiles, trucks, tractors, and accessories for such machines, which, from their nature, were calculated to place life and limb in peril when negligently constructed; that John Myers, the deceased, was driving a truck, manufactured and sold by appellant, loaded with lumber, and, while so driving said truck, a cuff, constituting a part of such truck and being of defective material (which defect could have been detected by reasonable inspection), broke, causing the truck to become unmanageable and plunge into a ditch, resulting in the death of the said John Myers.

The evidence showed that the deceased lost his life in the manner set out in the declaration. There was, however, a sharp conflict in the evidence as to the other material allegations of the declaration.

The evidence showed that the deceased, John Myers, had no contractual relations with appellant; that he was a remote vendee of both the truck and the defective cuff, which was alleged to have been the proximate cause of the accident. Putting it differently, the evidence showed that the truck and the cuff had come from appellant through several purchasers before they reached the deceased. On that ground, among others, appellant contends that it was entitled to a directed verdict, which the court refused to grant on its request. Appellant's position is supported by *Kilcrease* v. *Galtney Motor Co. et al.* (Miss.), 115 So. 193; *Pate* v. *Westbrook Elevator Co.*, 142 Miss. 419, 107 So. 552; and *Vicksburg* v. *Holmes,* 106 Miss. 234, 63 So. 454, 51 L. R. A. (N. S.) 469.

Appellee relies on decisions of courts of other jurisdictions, which hold that the manufacture of appliances which will become highly dangerous when put to the uses for which they are intended, because of defects in their manufacture, owes the public a duty, irrespective of any contractual relation to use reasonable care in the manufacture of such appliances. As stated, our court has held to the contrary, as shown in the decisions above cited.

If an automobile was a dangerous instrumentality *per se,* there would be more reason for the position of appellees. But our court held, in *Vicksburg Gas Co.* v. *Ferguson,* 140 Miss. 543, 106 So. 258, that an automobile was not such an instrumentality.

These views render it unnecessary to notice any of the other grounds relied on by appellant for a directed verdict.

Reversed, and judgment here for appellant.

*Reversed.*