Whit MASON, Plaintiff, Appellant,

v.

The AMERICAN EMERY WHEEL WORKS, Defendant, Appellee.

No. 5168.

United States Court of Appeals
First Circuit.

March 8, 1957.

Thomas E. Durkin, Jr., Newark, N. J., M. Louis Abedon, Providence, R. I., on the brief, for appellant.

Francis V. Reynolds, Providence, R. I., Richard P. McMahon, Providence, R. I., on the brief, for appellee.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

MAGRUDER, Chief Judge.

Whit Mason, a citizen of Mississippi, filed his complaint in the United States District Court for the District of Rhode Island against The American Emery Wheel Works, a Rhode Island corporation. The case was one in tort for personal injuries alleged to have been suffered by the plaintiff in Mississippi as a result of negligent misfeasance by the defendant in putting out in commerce without adequate care and inspection, a dangerously defective emery wheel. According to the allegations of the complaint, at some time prior to the date of the accident defendant negligently manufactured, inspected and tested a certain emery wheel designed for attachment to a bench grinder; that due to such negligence the emery wheel was not reasonably fit for the use for which it was intended, but on the contrary subjected to a risk of personal injury all persons lawfully using a bench grinder with the emery wheel attached; that on February 10, 1953, the plaintiff, while in the scope of his employment by T. H. Pearce Company, Forrest County, Mississippi, was operating a bench grinder with an emery wheel attachment manufactured by the defendant; that the said emery wheel, while being so used, did disintegrate and shatter, inflicting serious bodily injury to the plaintiff as a proximate result of defendant's said negligence.

On the face of the complaint it did not specifically appear that plaintiff was not in privity of contract with defendant. The answer of defendant, in addition to denying negligence, and denying that it had manufactured the particular emery wheel which had caused plaintiff's injuries, also set forth as a "First Defense" that the complaint failed to state a claim upon which relief might be granted, and as a "Fourth Defense" that defendant "owed no duty to the said plaintiff as there is no privity of contract between the plaintiff and the defendant."

The case came up for trial before a jury. Plaintiff's evidence tended to show that a certain emery wheel, supposed to withstand a rotation speed of 3600 r. p. m., was purchased by the Hoover Company, a New Jersey corporation, from the defendant for attachment to a bench grinding machine made by the Hoover Company; that the Hoover Company affixed to the said bench grinding machine, with emery wheel attached, a label indicating that the bench grinder had been manufactured by Miller Falls Company, a Massachusetts corporation; that said bench grinder, having been packed in a crate, and without being removed therefrom, was successively sold by the Hoover Company to Miller Falls Company, by the latter to Komp Equipment Company, and finally by Komp Equipment Company to T. H. Pearce Company, the plaintiff's employer; that the said grinding machine was unpacked from its original package and affixed to plaintiff's work bench; that while plaintiff was using it in the ordinary and proper manner the emery wheel disintegrated and exploded in plaintiff's face, causing the injuries complained of.

At the conclusion of the plaintiff's case defendant made an oral motion to dismiss the complaint under Rule 41(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. This motion to dismiss was granted by the district court, and an order was entered dismissing the complaint, from which the present appeal was taken.

 Since the injury was inflicted in Mississippi, the district court, no doubt correctly under now familiar authorities, deemed itself to be obliged to apply the Mississippi local law to determine the tort liability, if any, of a manufacturer to one not in privity of con-

tract with him. See Trowbridge v. Abrasive Co. of Philadelphia, 3 Cir., 1951, 190 F.2d 825, 827–828. The district court came to the conclusion "reluctantly" that it was bound by the Mississippi law as declared in Ford Motor Co. v. Myers, 1928, 151 Miss. 73, 117 So. 362; that the "harsh rule" of Mississippi as so declared, "contrary to the great weight of authority" elsewhere, was that a manufacturer was not liable for negligence in the manufacture of appliances which could and would become highly dangerous when put to the uses for which they are intended, where there is no privity of contract between the user and the manufacturer.

Ford Motor Co. v. Myers, supra, was the only Mississippi case relied upon, or even referred to, by the district court. In that case the Supreme Court of Mississippi, in a half-page opinion, did in fact apply what was at one time the prevailing rule, in holding that Ford Motor Company as the manufacturer of a truck owed no duty of care to a remote subvendee of the truck who was injured when the truck collapsed and plunged into a ditch because of a defect which could have been detected by reasonable inspection by the manufacturer before the vehicle left the factory.

At a time when the federal courts were applying their own notions of the federal common law of torts, under Swift v. Tyson, 1842, 16 Pet. 1, 41 U.S. 1, 10 L.Ed. 865, the court in Huset v. J. I. Case Threshing Machine Co., 8 Cir., 1903, 120 F. 865, 868, 61 L.R.A. 303, declared as a general rule that "a contractor, manufacturer, or vendor is not liable to third parties who have no contractual relations with him for negligence in the construction, manufacture, or sale of the articles he handles." At this late date it is hardly necessary to spend much time on the merit or justification for that supposed general rule. As was stated in 49 Harv. L.Rev. 1050 (1936), Sanborn, J, in Huset v. J. I. Case Threshing Co., supra,

"took as his starting point the supposed general principle that a manufacturer is not liable to third persons, not in privity of contract with him, for bodily injuries resulting from his negligence in manufacturing the article. He was confronted with decided cases imposing liability, in favor of third parties not in privity of contract, upon negligent manufacturers of drugs, foodstuffs, explosives, firearms. These cases he treated as falling within an exception, expressed in a conglomerate formula designed to cover them and no other: ' * * * an act of negligence of a manufacturer or vendor which is eminently dangerous to the life or health of mankind, and which is committed in the preparation or sale of an article intended to preserve, destroy, or affect human life, is actionable by third parties who suffer from the negligence.' Cardozo, J., in MacPherson v. Buick Motor Co., [1916, 217 N.Y. 382, 111 N.E. 1050, L.R.A.1916F, 696] convincingly argued that these so-called exceptions were merely prime illustrations, and by no means the only ones, of the more basic principle of torts that actors generally, including manufacturers, have a duty of care not to create unreasonable risks of bodily injury to others within the zone of foreseeable danger."

MacPherson v. Buick Motor Co., supra, started a new trend in this particular field of the law, and its substantive result has found favor in § 395 of the American Law Institute Restatement of Torts. If the Supreme Court of Mississippi had recently reconsidered the rule it applied in Ford Motor Co. v. Myers, supra, and had decided to adhere to it on the ground of stare decisis, no doubt the federal courts would have had to accept the

local law as so declared. But it would be gratuitous and unwarranted to assume that the Supreme Court of Mississippi would now so hold, when we bear in mind the readiness of other courts, in conservative jurisdictions at that, to overrule their earlier holdings and to bring their jurisprudence into accord with what is now the overwhelming weight of authority. See, for instance, Carter v. Yardley & Co., 1946, 319 Mass. 92, 64 N.E.2d 693, 164 A. L.R. 559. In Anderson v. Linton, 7 Cir., 1949, 178 F.2d 304, the court of appeals declined to accept as the local law of Iowa what it narrowly construed to be a dictum of the Supreme Court of Iowa enunciating the old ruling of nonliability in Larrabee v. Des Moines Tent & Awning Co., 1920, 189 Iowa 319, 178 N.W. 373. The Court of Appeals for the Seventh Circuit stated, 178 F.2d at pages 308–309:

"That case was decided in 1920, which was before the general abandonment of the old rule of nonliability where neither direct nor indirect privity existed. It is barely possible that had the court passed upon the question now before us, it might have upheld the old rule, even though weighted down with many exceptions. However, as there are no controlling Iowa decisions on the precise question before us for decision, we feel that we should not attribute to Iowa a doctrine that has been repudiated by most jurisdictions; we feel justified in concluding that the Supreme Court of Iowa would today adopt the modern rule, which is well expressed in Restatement of the Law of Torts, Sec. 395: 'A manufacturer who fails to exercise reasonable care in the manufacture of a chattel which, unless carefully made, he should recognize as involving an unreasonable risk of causing substantial bodily harm to those who lawfully use it for a purpose for which it is manufactured and to those whom the supplier should expect to be in the vicinity of its probable use, is subject to liability for bodily harm caused to them by its lawful use in a manner and for a purpose for which it is manufactured.'"

See also General Motors Corp. v. Johnson, 4 Cir., 1943, 137 F.2d 320; International Derrick & Equipment Co. v. Croix, 5 Cir., 1957, 241 F.2d 216.

Of course it is not necessary that a case be explicitly overruled in order to lose its persuasive force as an indication of what the law is. A decision may become so overloaded with illogical exceptions that by erosion of time it may lose its persuasive or binding force even in the inferior courts of the same jurisdiction. And where, as in Ford Motor Co. v. Myers, the Supreme Court of Mississippi, twenty or thirty years ago, applied an old rule which has since been generally discredited elsewhere, it is relevant to consider what the Supreme Court of Mississippi has subsequently said on the point. See "Note on the Ways of Ascertaining State Law," Hart & Wechsler, The Federal Courts and the Federal System 628–30 (1953). We think that appellant herein rightly stresses the importance of E. I. Du Pont De Nemours & Co. v. Ladner, 1954, 221 Miss. 378, 73 So.2d 249. In that very recent case, the Supreme Court of Mississippi was able to dispose of the particular issue on another ground without the necessity of expressly overruling its earlier decision in Ford Motor Co. v. Myers. But the court did take occasion, in a long and careful opinion, to indicate its awareness of the modern trend in the area, including the decision of the Supreme Judicial Court of Massachusetts in Carter v. Yardley & Co., supra; it stated that, whatever may have been the rule originally, "the principle seems now to be well established by the decisions of many courts that a person who has had no direct contractual relations with a manufacturer may nevertheless recover from such manufacturer for damages to property caused by the negligence of the manufacturer in the same manner that such a remote vendee or other third person can recover for personal injuries." 73 So.2d

**910**

at page 254. And it quoted, with apparent approval, many more recent authorities in support of the "modern doctrine". (Ibid.) We think it is fair to infer from this latest expression by the Supreme Court of Mississippi that it is prepared to reconsider and revise the rule it applied in Ford Motor Co. v, Myers whenever it may have before it a case that squarely presents the issue. We have no doubt that when this occasion does come to pass, the Supreme Court of Mississippi will declare itself in agreement with the more enlightened and generally accepted modern doctrine.

A judgment will be entered vacating the order of the District Court, dismissing the complaint and remanding the case to the District Court for further proceedings not inconsistent with this opinion.

HARTIGAN, Circuit Judge (concurring).

I concur in the opinion of the court but I am constrained to comment briefly. We were informed in oral argument by counsel for the appellee that the district court in deciding this case had before it both the Ford and the Du Pont decisions. Moreover, the district court knew from the official Mississippi report that the MacPherson case, then approximately twelve years old, had been considered and rejected by the Mississippi Supreme Court sitting in the Ford case. Therefore, "reluctantly" Judge Day adopted the Ford holding since it, as the only binding and conclusive statement of Mississippi law on the issue, had not been expressly modified or overruled. Certainly the existence of the Ford case presented to the trial judge a question different from that in the Larrabee case, cited in the opinion of the court today, where there was no controlling Iowa decision on the precise question in issue.

We, however, have inferred from pure dicta in the Du Pont case and from the status of the law elsewhere on this issue that Mississippi is prepared to discard the Ford rule and adopt the modern rule. I believe this is a sound inference since the dicta in the Du Pont case, though not expressly mentioning Ford, is sufficiently clear and the Ford rule is sufficiently outdated. Yet, in doing so I realize that we present a difficult problem for district judges when they must apply the Erie doctrine to situations wherein the considerations as between conflicting holdings and dicta are not as clearly defined as they are here. The question of how clear dicta must be to prevail over a prior controlling decision does not lend itself to easy solution.