BOBBY ALLEN MENDENHALL, ORIGINAL PLAINTIFF, AND AMERICAN MUTUAL LIABILITY INSURANCE COMPANY, ADDITIONAL PLAINTIFF, v. CAROLINA GARAGE, INC., ORIGINAL DEFENDANT, AND MACK TRUCKS, INC., AND GENERAL TIRE & RUBBER COMPANY, ADDITIONAL DEFENDANTS

No. 6923SC93

(Filed 2 April 1969)

**Sales § 14— counterclaim for breach of implied warranty — sufficiency of allegations**

In plaintiff consumer's action for breach of an implied warranty against retailer for damages resulting from the failure of an allegedly defective tractor tire purchased from the retailer, defendant retailer's cross-action against the manufacturers of the tire and the tractor seeking indemnification for any damages which it may be obligated to pay *is held* subject to demurrer for failure to state a cause of action in that retailer did not allege a sale of the tire by either additional defendant with an implied warranty or a warranty of any kind.

APPEAL by Carolina Garage, Inc., original defendant, from *Collier, J.,* 18 November 1968, Civil Session, YADKIN County Superior Court.

Bobby Allen Mendenhall (Mendenhall), the original plaintiff, instituted this action on 27 October 1967 against Carolina Garage, Inc., (Garage) the original defendant. In his complaint Mendenhall alleged that in November 1964 he purchased from Garage a new 1965 Mack tractor, which was delivered to him with a General Jet Cargo tire on the left front wheel; the tire was defective in its construction at the time of purchase; while Mendenhall was driving the Mack tractor in Virginia on 16 May 1965, the tire failed, causing the vehicle to veer to the left and collide with a Ford automobile; and the tire failure was caused by this defect. It was further alleged that Garage knew the purpose for which the tractor was purchased, namely, pulling heavy loads on varying road conditions; the tire was not reasonably fit for the purpose of its intended use; and "[i]n the sale of the tractor by the defendant to the plaintiff, the plaintiff [sic] impliedly warranted that the left front tire was reasonably fit for the purpose for which it was intended to be used." Mendenhall sought to recover $7,000 for damage done to the tractor and trailer and $10,000 for loss of income during the period the tractor was being repaired.

Garage filed an answer under date of 28 December 1967 admitting the sale of the Mack tractor equipped with General Jet Cargo tires, as ordered by Mendenhall, and the accident on 16 May 1965 in Virginia between the tractor and an automobile. All other allega-

tions in the complaint were denied. Garage then set forth six separate further answers and defenses, and by an additional further answer and reply, American Mutual Liability Insurance Company (Insurance Company) was made a party plaintiff as the real party in interest. Mack Trucks, Inc., (Mack) and General Tire and Rubber Company (General) were made additional defendants by further answer and cross-action.

On this appeal we are concerned with the answer and cross-action against Mack and General. In this portion of its pleading Garage alleged that in November 1964 it purchased the tractor in question from Mack; the tractor was equipped with General Jet Cargo tires manufactured by General; it did nothing to alter the condition of the tires; the tractor and tires were delivered to Mendenhall in the same condition as Garage had received them; Mendenhall sued Garage alleging that the left front tire was defectively constructed and that the tire was not reasonably fit for the purpose for which it was intended; and Mendenhall sought $17,000 for damage to the tractor and trailer and for loss of income. Garage further alleged that if it was negligent toward Mendenhall or if it breached any warranty, such negligence or breach of warranty on its part was merely passive and secondary to the active and primary negligence or breach of warranty on the part of the additional defendants; that since General manufactured the tire and knew, or should have known, of any defect at the time of manufacture, General was primarily responsible for any damage resulting from the defective tire and was obligated to indemnify Garage for any amount which Garage might become obligated to pay Mendenhall; and that since Mack knew, or should have known, of any defect in the manufacture of the tires at the time it sold the tractor to Garage, Mack was primarily responsible for any damage resulting from the defective tire and was obligated to indemnify Garage for any amount which Garage might become obligated to pay Mendenhall. Garage asked that Mack and General be made additional party defendants in order that Garage might recover judgment over against them for any amount which Mendenhall might recover against Garage.

General filed an answer in which all material allegations of the cross-action were denied. It further denied that it was in any way negligent in the manufacture of the tire or that it warranted anything, either expressly or impliedly, to Mendenhall or Garage.

Mack filed an answer in which all material allegations of the cross-action were denied and in which further answers and defenses and a cross-action against General were set out. In its cross-action

Mack asked that if Mendenhall recovered against Garage and if Garage in turn recovered against Mack, General, as manufacturer of the tires, should be held primarily responsible and should indemnify Mack against any loss.

Mack then filed a written demurrer to Garage's cross-action and General made a demurrer *ore tenus* to it. The demurrers were sustained by Judge Collier on the ground that the cross-action filed by Garage failed to state a cause of action. Garage excepted to the order sustaining the demurrers and appealed to this Court.

*Hudson, Petree, Stockton, Stockton & Robinson by Norwood Robinson and Thomas E. Capps for original defendant Carolina Garage, Inc., appellant.*

*Womble, Carlyle, Sandridge & Rice by Allan R. Gitter and Jimmy H. Barnhill for additional defendant Mack Trucks, Inc., appellee.*

*Smith, Moore, Smith, Schell & Hunter by Beverly C. Moore and Larry Sitton for additional defendant General Tire and Rubber Company, appellee.*

CAMPBELL, J.

Garage asserted that it was necessary to discuss both negligence and implied warranty because of ambiguity in the complaint, which, it was argued, alleged both causes of action. Therefore, much of its excellent brief was devoted to a tort theory and the doctrine of active and passive negligence. However, the complaint is based upon an implied warranty under a contractual doctrine and not upon an action in tort.

It is also to be noted that since this action was instituted on 27 October 1967, we are concerned with the law as it existed at that time and not with statutes regarding procedure which have become effective subsequent thereto and which pertain to litigation commenced after the instant case.

On this appeal we are concerned with Garage's answer and cross-action against Mack and General.

"In determining the effects of its allegations, G.S. 1-151 requires 'for the purpose of determining its effect its allegations shall be liberally construed with a view to substantial justice between the parties.' Defendants' demurrer admits, for the purpose of testing the sufficiency of the pleadings, the truth of factual averments well stated and all relevant inferences of fact rea-

sonably deducible therefrom. It admits facts stated on information and belief as well as facts alleged on personal knowledge. . . . A demurrer does not admit inferences or conclusions of law. . . . A complaint must be fatally and wholly defective before it will be rejected as insufficient." *Corprew v. Chemical Corp.,* 271 N.C. 485, 157 S.E. 2d 98.

Construing this cross-action liberally with a view to substantial justice between the parties, it is manifest that the cross-action does not allege facts sufficient to constitute a cause of action for liability based upon breach of warranty.

In *Davis v. Radford,* 233 N.C. 283, 63 S.E. 2d 822, the original defendant specifically alleged that ". . . he had purchased the patented bottled product known as Westsal, a salt substitute, from [the additional defendant], wholesale druggists in Asheville handling this product, with implied warranty that it was suitable for human consumption and manufactured and sold in compliance with the laws . . . and that [the additional defendant] was primarily liable for any damages plaintiff might recover from [the original defendant]. . . ." In the instant case the cross-action alleged that in November 1964 Garage purchased from Mack the tractor in question, which was equipped with General Jet Cargo tires, as ordered by Mendenhall, and that the tires were manufactured by General. In Paragraph IV of the further answer and cross-action, Garage alleged that "[t]he original defendant did nothing to alter the condition of the tires or their mounting on the tractor from the condition that they were in when received from the additional defendant." In Paragraph V it was further alleged that:

"The plaintiff alleges that the left front tire of said tractor . . . was defective in that adhesion between the tread and the carcass on the shoulder opposite the serial number was defective; and that said defect caused the tread to separate from the carcass, causing the carcass to become overheated and to fail, resulting in an accident and damage to the 1965 Mack tractor. The plaintiff alleges a breach of duty on the part of the original defendant delivering the 1965 Mack tractor to the plaintiff with a defective tire which allegedly was not reasonably fit for the purpose for which it was intended to be used."

Garage then alleged in separate paragraphs that General and Mack were primarily responsible for any damage resulting from the defect and that they were ". . . obligated to indemnify the original defendant for any amount which the original defendant may become obligated to pay to the plaintiff by virtue of damage resulting from

said defect." However, Garage has not alleged a sale of the tire by either additional defendant with an implied warranty or a warranty of any kind. In its cross-action Garage has failed to allege any facts constituting a cause of action. At most, it has alleged a conclusion of law without supporting or substantiating facts.

We are not confronted with and do not decide the question of whether the lack of privity would have been a bar to the cross-action had the implied warranty been properly pleaded.

It is noted that the order of Judge Collier under date of 20 November 1968 sustained the written demurrer of Mack and the demurrer *ore tenus* of General but did not dismiss the action. In so doing, the trial judge acted properly.

Affirmed.

BROCK and MORRIS, JJ., concur.