Mary Kate **BRENDLE, Administratrix of the Estate of William Charles Brendle, Deceased, Plaintiff,**

v.

The **GENERAL TIRE AND RUBBER COMPANY, Defendant.**

No. C–180–WS–66.

United States District Court
M. D. North Carolina,
Winston-Salem Division.

Oct. 17, 1969.

John Haworth, of Haworth, Riggs, Kuhn & Haworth, High Point, N. C., for plaintiff.

Beverly C. Moore, of Smith, Moore, Smith, Schell & Hunter, Greensboro, N. C., for defendant.

## MEMORANDUM OPINION

GORDON, District Judge.

Several actions were instituted against The General Tire and Rubber Company, an Ohio corporation, on the basis of a common fact situation, a single truck accident, resulting from a tire blow out, occurring in the State of Missouri involving William Charles Brendle, deceased, the truck driver; and Eli B. Russell, the relief driver, both residents of the State of North Carolina, and both employed by General Steel Company, a North Carolina Corporation, the owner of the truck. Four actions were commenced against the defendant. Each party plaintiff alleged that the defendant had supplied General Steel Company with a defective tire which proximately caused the accident resulting in the death of William Charles Brendle, personal injuries to Eli B. Russell, and property damage to the truck. These actions were consolidated for discovery, pre-trial and trial. The parties plaintiff in the actions are (1) Mary Kate Brendle, administratrix; (2) Rita Faye Brendle, William Craig Brendle, and Lora Ann Brendle, the surviving children of William Charles Brendle; (3) Eli B. Russell, the relief truck driver; and (4) General Steel Company. All parties plaintiff originally brought their respective actions based upon two theories of recovery—negligent design and manufacture of the tire which blew out, and breach of implied warranty of the tire's fitness for use.

The defendant, The General Tire and Rubber Company, previously made a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure as against the plaintiff Mary Kate Brendle, administratrix. As to the allegations of breach of warranty of the tire's fitness for use, this Court denied the defendant's previous motion for summary judgment without prejudice to the defendant to renew and allowed the summary judgment motion as to this plaintiff's action which was based upon the negligent design and manufacture of

the tire. The basis of this latter determination was that the law of the forum, North Carolina, would apply in this diversity action. Under the applicable Missouri statute, Mo.Rev.Stat. 537.080 (1959), V.A.M.S., the plaintiff administratrix was barred by the statute of limitations in the bringing of her action. The decision of this Court, applying the North Carolina *lex loci delicti* rule expressed in Petrea v. Ryder Tank Lines, Inc., 264 N.C. 230, 141 S.E.2d 278 (1965), was affirmed by the Fourth Circuit Court of Appeals in Brendle v. General Tire and Rubber Company, 4 Cir., 408 F.2d 116 (Decided March 10, 1969).

This action is presently before the Court upon renewal of the motion for summary judgment as against plaintiff administratrix's action, which action is now based solely on the theory of breach of implied warranty of fitness for use. The parties are in agreement that since the sale of the tire was consummated in North Carolina, North Carolina law will be determinative of the substantive rights of the parties. This being so, it is the opinion of the Court that the defendant's motion for summary judgment should be allowed.

## DISCUSSION

Until very recently, the law of North Carolina in regard to warranty in the field of products liability has been based upon the concept of an action in contract, and therefore the requirement of privity between the parties has been a necessary aspect to any action based upon warranty, express or implied.

Cases decided by the North Carolina courts have not always made a strict distinction between an action brought in tort, i. e., negligence, and one brought in contract, i. e., warranty; but when they have, the North Carolina courts, in earlier cases, have rigidly adhered to the privity requirement in warranty cases, and have not seen fit to allow, expressly, the concept of strict or absolute liability. A step in a more liberal direction is seen in the relatively recent case

of Corprew v. Geigy Chemical Corporation, 271 N.C. 485, 157 S.E.2d 98 (1967) where a farmer was seeking recovery from the manufacturer of a weed killer for damages resulting to his crops after he had relied on certain statements which the manufacturer had placed on the sealed package which contained the product. Chief Justice Parker stated:

"[T]he time has come for us to recognize that the exceptions to the general rule of non-liability of a manufacturer for negligence because of lack of privity of contract have so swallowed up the general rule of non-liability that such general rule for all practical purposes has ceased to exist. Its principle was unsound. It tended to produce unjust results. It has been abandoned by the great weight of authority elsewhere. We have abandoned it in this jurisdiction." 157 S.E.2d at 106.

Although it has been noted above that the North Carolina courts do not always distinguish between negligence and warranty actions, in *Corprew* the court did, primarily because the case was before the court on the issue of improper joinder of causes of action. The above quote seems to limit the abandonment of the privity requirement to negligence actions.

Privity in contract was at one time essential for actions against a manufacturer, whether the action sounded in negligence or in warranty. As time passed, it became apparent that the consumer needed more protection and, thus, exceptions to the privity rule in negligence began to find their way into North Carolina case law. One was the dangerous instrumentalities exception. Jones v. Otis Elevator Company, 231 N.C. 285, 56 S.E.2d 684 (1949). Another exception was made in food and drink cases. Broadway v. Grimes, 204 N.C. 623, 169 S.E. 194 (1933); Broom v. Monroe Coca-Cola Bottling Company, 200 N.C. 55, 156 S.E. 152 (1930); Perry v. Kelford Coca-Cola Bottling Company, 196 N.C. 175, 145 S.E. 14 (1928). It seems now that *Corprew* has abolished

any requirement for privity in negligence cases that might still exist. The North Carolina Supreme Court did hold in *Corprew* that the complaint did state a cause of action for liability based upon a breach of warranty. 157 S.E.2d at 107. But the North Carolina Supreme Court did not expressly carry their abandonment of the privity requirement over into the discussion of the warranty aspect of the case and it is not concluded that *Corprew* did in fact overrule the existing case law on this point. The basic legal philosophy supporting the requirement of privity of contract seems to be the same when applied either to negligence or warranty. Therefore, the rationale behind the abandonment of privity as an essential element in negligence actions should be equally applicable to warranty actions as well. But this is a matter for the North Carolina courts to determine.

North Carolina has ventured forth with some exceptions to the privity requirement in warranty actions but such chinks as have been made in privity's armour have been limited to cases dealing with food and drink in sealed containers, and insecticides which had warnings and claims written upon the container which reached the consumer.

Simpson v. American Oil Company, 217 N.C. 542, 8 S.E.2d 813 (1940) held that the manufacturer of an insecticide had effectively extended a warranty beyond the retailer to the ultimate consumer by the use of certain statements made upon the label of the can containing the product. Corprew v. Geigy Chemical Company, *supra*, could be interpreted to be a mere re-iteration of the *Simpson* case on the warranty issue.

Terry v. Double Cola Bottling Company, Inc., 263 N.C. 1, 138 S.E.2d 753 (1964) is notable for Justice Sharp's concurring opinion in which she makes an exhaustive survey of the privity requirement and its increasing loss of vitality. The case itself held that the plaintiff could not recover in an action based upon warranty for an illness allegedly resulting from deleterious mat-ter in a soft drink because there was no privity between the ultimate consumer and the bottler, due to the intervening retailer, who had sold the bottled beverage to the plaintiff. This case was tempered somewhat by Tedder v. Pepsi-Cola Bottling Company, 270 N.C. 301, 154 S.E.2d 337 (1967) which held that the issue of whether the defendant bottler, which advertised its product in such a way as to promote its use by consumers, was liable to the plaintiff in an action based on breach of implied warranty for injuries resulting from drinking from an allegedly contaminated bottle, was a question for the jury. The fact situation and the decision in the *Tedder* case should be noted carefully, because there seems to be a tendency to give this case more authoritative weight than it commands. The defendant bottling company delivered its product to the retailer and placed its own product on the retailer's shelves. The consumer would then select the defendant's product from the displays that the defendant had set up. The retailer, in effect, never handled the defendant's product. Furthermore, the defendant had launched an extensive advertising program for the promotion of its own product. Justice Higgins, speaking for the court, stated:

"* * * The evidence in this case was *sufficient to go to the jury* on the theory of implied warranty resulting from the manner in which the Pepsi-Cola was advertised and traveled from the bottler to the plaintiff.

"The questions whether by marketing food and drink in sealed containers the processor thereby impliedly warrants fitness for human use and whether the warranty extends directly to the ultimate consumer who breaks the seal, are questions not fully presented on this record. *The answers will come when the facts present the questions.*" 154 S.E.2d at 340. (Emphasis added.)

The court, in *Tedder*, restates the general rule that an action based on warranty is contractual in nature, and that

privity to the contract is the basis of liability. 154 S.E.2d at 339. This case gives the indication that eventually the North·Carolina Supreme Court will hold that advertising extends warranties to the ultimate consumer, but this case has pointedly deferred an express holding on that point until a later time. So far no case has appeared on the horizon doing for the privity requirement in warranty actions what Corprew v. Geigy Chemical Corporation, *supra*, has done for the privity requirement in negligence cases, insofar as an express abandonment of the same is concerned.

■ Therefore, the law in North Carolina, insofar as actions based on warranty are concerned, is still that which was applied in Wyatt v. North Carolina Equipment Company, 253 N.C. 355, 117 S.E.2d 21 (1960). In this case an employee was injured while operating a dirt loader, which the employee claimed was defective. The defendant equipment company had sold the loader to the plaintiff's employer. The court held that the plaintiff had not stated a cause of action either in negligence or in warranty. In reference to the concept of a warranty action as it related to this employee, the court stated:

> "* * * Absent privity of contract, there can be no recovery for breach of warranty except in those cases where the warranty is addressed to an ultimate consumer or user. Ordinarily, the rule that a seller is not liable for breach of warranty to a stranger to the contract of warranty is applicable to an employee of the buyer. (Cites omitted) Negligence is the basis of liability of a seller to a stranger to the contract of warranty. (Cites omitted) 117 S.E.2d at 24.

Later cases have accepted the doctrine set forth in *Wyatt* that an action based upon warranty is contractual in nature and that only a person in privity with the warrantor can prevail on the basis of the warranty. Perfecting Service Company v. Product Development and Sales Company, 261 N.C. 660, 136 S.E.

2d 56 (1964); Murray v. Bensen Aircraft Corporation, 259 N.C. 638, 131 S.E.2d 367 (1963); Prince v. Smith, 254 N.C. 768, 119 S.E.2d 923 (1961).

■ Plaintiff, in the present action, contends that because of the substantial amount of advertising that The General Tire and Rubber Company used in the promotion of the particular brand of tire involved in this controversy, the implied warranty of fitness for use extended to the deceased truck driver, and thence the administratrix of his estate. A ruling will not be made on the question of whether the deceased truck driver was in fact an "ultimate consumer" to which such a warranty extended, because the present state of products liability law in North Carolina does not allow this Court to presume that advertising itself extends the cloak of privity to the ultimate consumer. Tedder v. Pepsi-Cola Bottling Company, *supra*, does not furnish an answer, nor does Mendenhall v. Carolina Garage, Inc., 4 N.C.App. 226, 166 S.E.2d 513 (1969). This latter case has a fact situation which is substantially similar to the one in the present case, but the matter was before the North Carolina Court of Appeals on a procedural matter and it chose not to decide whether lack of privity would have been a bar to an action based on implied warranty.

■ There is agreement, as counsel for the plaintiff states in his argument, that the North Carolina courts have indicated their willingness and desire either to extend or abandon the privity requirement in warranty actions when the fact situation presents itself. But regrettably we are not at liberty to surmise or search for hidden meanings within the opinions of the state appellate courts. It is the duty of this Court to apply the substantive law of the state in which it is located. Erie Railroad Company v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487 (1937).

Both the First and Fifth Circuits have exercised great freedom in their

interpretations of the applicable state law. The Fifth Circuit, in expressing its opinion on a question of Texas law which had not been decided by the Texas Supreme Court stated:

> "The Court is forced, therefore, to look to 'all available data;' for example, 'to such sources as the Restatements of Law, treatises and law review commentary, and the majority rule,' keeping in mind that it must 'choose the rule which it believes the state court, from all that is known about its methods of reaching decisions is likely in the future to adopt.'" Putman v. Erie City Manufacturing Company, 5 Cir., 338 F.2d 911, at 917 (1964).

In this case, a manufacturer had produced a defective wheelchair. The Texas Supreme Court had previously held that no privity was required to recover for breach of manufacturer's implied warranty of fitness for human consumption in food cases. The Court of Appeals held, in an educated guess, that the Texas Supreme Court would follow this to its logical conclusion, and thus allowed the user of this wheelchair, which was a product unreasonably dangerous to the user, to recover, although the plaintiff was not in privity with the manufacturer.

In Mason v. American Emery Wheel Works, 1 Cir., 241 F.2d 906 (1957), cert. den. 355 U.S. 815, 78 S.Ct. 17, 2 L.Ed.2d 32, the plaintiff was injured when an emery wheel disintegrated. The First Circuit was faced with applying Mississippi law. The Supreme Court of Mississippi had unequivocally held in several cases that privity was a prerequisite to recovery against a manufacturer. But, basing its decision in dictum in a later case and on the trend in other states, the court dispensed with the necessity of privity. The court said:

> "MacPherson v. Buick Motor Co. [217 N.Y. 382, 111 N.E. 1050, L.R.A. 1916 F, 696] supra, started a new trend in this particular field of the law, and its substantive result has

found favor in § 395 of the American Law Institute Restatement of Torts. If the Supreme Court of Mississippi had recently reconsidered the rule it applied in Ford Motor Co. v. Myers [151 Miss. 73, 117 So. 362] supra, and decided to adhere to it on the ground of stare decisis, no doubt the federal courts would have had to accept the local law as so declared. But it would be gratuitous and unwarranted to assume that the Supreme Court of Mississippi would now so hold, when we bear in mind the readiness of other courts, conservative jurisdictions at that, to overrule their earlier holdings and to bring their jurisprudence into accord with what is now the overwhelming weight of authority. * * * We think it is fair to infer from this latest expression by the Supreme Court of Mississippi that it is prepared to reconsider and revise the rule it applied in Ford Motor Co. v. Myers whenever it may have before it a case that squarely presents the issue. We have no doubt that when this occasion does come to pass, the Supreme Court of Mississippi will declare itself in agreement with the more enlightened and generally accepted modern doctrine." 241 F.2d at 908–910.

Research does not indicate that the Court of Appeals for this Circuit adopts the view of the First Circuit. This Court is, therefore, confined to the application of the present state of products liability law in North Carolina. Judge Learned Hand, in his dissenting opinion in Spector Motor Service, Inc. v. Walsh, 2 Cir., 139 F.2d 809 (1944), vacated 323 U.S. 101, 65 S.Ct. 152, 89 L.Ed. 101 (1944), admonished the court not to speculate as to what the law will be nor "to embrace the exhilarating opportunity of anticipating a doctrine which may be in the womb of time, but whose birth is distant." 139 F.2d at 823.

It is now regretted that the contention of the defendant here made was not finally disposed of in the Court's ruling on the original motion for summary

judgment. However, at the time of the original ruling, it was the hope that the courts of North Carolina would by this time have made additional rulings helpful in deciding the question here presented.

For the foregoing reasons, the motion of the defendant for summary judgment is granted.

Accordingly, counsel for the defendant will forthwith prepare and present to the Court a proposed order for signature, first presenting same to counsel for the plaintiff for approval as to form.