CLARKSON, J., dissenting. *Page 2 
This is an action to recover damages for personal injuries suffered by the plaintiff, and resulting from sickness caused by his eating bread made from flour which he had purchased from the City Grocery Company, at Lexington, N.C. on 22 July, 1933.
It is alleged in the complaint that the flour, from which the bread which the plaintiff ate was made, was manufactured by the defendant at Louisville, Kentucky, and was packed by the defendant in a sack, which was fastened at its top by a wire, before it was sold and shipped to the City Grocery Company at Lexington, N.C.; that after the flour was purchased by the plaintiff from the City Grocery Company, it was delivered at plaintiff's home in Davidson County, North Carolina, in the sack in which it was packed by the defendant in Louisville, Ky.; that the flour was poured from the sack by the plaintiff's wife into a bin in his kitchen cabinet and was used by her in making bread for plaintiff and his family; that after he had eaten the bread made from the flour, the plaintiff became sick, and that this sickness was caused by the unwholesome condition of the flour; and that when about half the flour in the bin had been used for making bread, the decomposed and putrid body of a dead rat was discovered in the flour, and that because of the presence of the body of the rat in the flour, the flour was unwholesome and unfit for use as a food.
Two causes of action are alleged in the complaint.
As his first cause of action, the plaintiff alleges that at the time the sack of flour which he purchased from the City Grocery Company was sold and shipped by the defendant to said grocery company, the body of the rat was in said flour, and that its presence in the flour was the result of the negligence of the defendant, as alleged in the complaint.
As his second cause of action, the plaintiff alleges that when the defendant sold and delivered the sack of flour to the City Grocery Company, for resale to its customers, it impliedly warranted that the flour in said sack was wholesome, and fit for human consumption; that this implied warranty was made by the defendant to customers of the City Grocery Company; and that there was a breach of said implied warranty, which caused plaintiff personal injuries for which he is entitled to recover of the defendant damages for the injuries which he suffered from eating bread made of said flour.
There was evidence at the trial tending to show that the dead body of the rat was in the sack of flour at the time it was sold by the defendant to the City Grocery Company; that the flour in the sack was unwholesome and not fit for human consumption, because of the presence in the flour of the dead body of the rat; and that plaintiff suffered personal injuries caused by his eating bread made from this flour. *Page 3 
At the close of the evidence for the plaintiff, the plaintiff took a voluntary nonsuit on his first cause of action, and resisted the motion of the defendant for judgment as of nonsuit on his second cause of action.
The motion was denied, and defendant excepted.
The defendant then offered evidence tending to show that the body of the rat was not in the sack of flour at the time the flour was shipped by the defendant from Louisville, Ky., to the City Grocery Company at Lexington, N.C. and that the flour in the sack at said time was wholesome and fit for human consumption.
At the close of all the evidence the defendant again moved for judgment as of nonsuit. The motion was denied, and defendant excepted.
Issues were submitted to the jury, and answered as follows:
"1. Was the flour purchased by the plaintiff of the City Grocery Company on or about 22 July, 1933, manufactured by the defendant, as alleged in the complaint? Answer: `Yes.'
"2. Was there an implied warranty by the defendant that the flour manufactured by it was fit for human consumption, as alleged in the complaint? Answer: `Yes.'
"3. If so, was there a breach of said warranty? Answer: `Yes.'
"4. What damages, if any, has the plaintiff sustained because of the breach of the said warranty? Answer: `$175.00.'"
From judgment that plaintiff recover of the defendant the sum of $175.00, and the costs of the action, the defendant appealed to the Supreme Court.
The only question presented by this appeal is whether there was error in the refusal of the trial court to allow defendant's motion, at the close of all the evidence, for judgment as of nonsuit.
During the progress of the trial the plaintiff took a voluntary nonsuit on his first cause of action. He thereby abandoned his contention that the defendant was negligent with respect to the manufacture or packing of the flour which he had purchased from the City Grocery Company. His contention thereafter was that the defendant was liable to him, as the consumer of the flour, on an implied warranty that the flour was wholesome and fit for consumption as a food, at the time the defendant sold and delivered the flour to the City Grocery Company. This was, in effect, an admission by the plaintiff, at least for the purposes of the trial of this action, that the presence of the rat in the sack of flour was not the result of any failure on the part of the defendant to exercise due care in the manufacture or packing of the flour from which the bread which he ate was made. *Page 4 
There are decisions in this jurisdiction to the effect that as between a vendor and his vendee there is an implied warranty that the personal property sold by the vendor and purchased by his vendee was fit for the use for which it was sold and purchased, and that the vendor is liable to his vendee for a breach of this warranty. Swift v. Aydlett, 192 N.C. 330,135 S.E. 141; Poovey v. Sugar Co., 191 N.C. 722, 133 S.E. 12; Swift v.Etheridge, 190 N.C. 162, 129 S.E. 453.
There are no decisions, however, in this jurisdiction to the effect that there is any implied warranty as between a manufacturer and an ultimate consumer of a food product, which was purchased by the consumer from a retail merchant to whom the manufacturer had sold the food, for resale. It is true that in Ward v. Sea Food Co., 171 N.C. 33, 87 S.E. 958, it is said that the authorities are numerous, that there is an implied warranty that runs with the sale of food for human consumption, that it is fit for food and is not dangerous and deleterious. In that case, however, the defendant was held liable to the plaintiff upon the finding by the jury that the death of plaintiff's intestate was brought about by the negligence of the defendant with respect to food which the defendant had sold to the retail merchant from whom plaintiff's intestate had bought the food.
In Corum v. Tobacco Co., 205 N.C. 213, 171 S.E. 78, it is said:
"There are many decisions to the effect that one who prepares in bottles or packages foods, medicines, drugs, or beverages and puts them on the market is charged with the duty of exercising due care in the preparation of these commodities, and under certain circumstances may be liable in damages to the ultimate consumer. Broadway v. Grimes, 204 N.C. 623,169 S.E. 194; Broom v. Bottling Co., 200 N.C. 55, 156 S.E. 152; Harper v.Bullock, 198 N.C. 448, 152 S.E. 405; Grant v. Bottling Co., 176 N.C. 256,97 S.E. 27; Cashwell v. Bottling Works, 174 N.C. 324,93 S.E. 901."
In the absence of allegation and proof of negligence on his part with respect to the manufacture or preparation of a food product, the manufacturer is not liable as upon an implied warranty to an ultimate consumer for damages resulting from injuries caused by the condition of the food, which the consumer has purchased from a retail merchant to whom the manufacturer sold the food for resale. There is no contractual relation between the manufacturer and the consumer to which an implied warranty with respect to the food can attach. The manufacturer owes the duty of exercising a high degree of care in the manufacture and preparation of food for human consumption, and for a breach of this duty he may and should be held liable to the consumer. The law does not, however, make him an insurer of his products, or hold him liable solely upon an implied warranty to one with whom he had no contractual relation. *Page 5 
There was error in the refusal of the trial court to allow defendant's motion for judgment as of nonsuit.
The judgment is
Reversed.