ROBERT A. MURRAY v. BENSEN AIRCRAFT CORPORATION.

(Filed 14 June 1963.)

1. Courts § 20—

Plaintiff instituted this action to recover for injuries sustained when an gyroglider manufacturd by defendant fell while it was being operated by plaintiff in another state. *Held:* While the cause of action in tort is governed by the laws of the state in which the accident occurred, in the absence of allegation that the contract of sale was made in the state of plaintiff's residence, or indeed that plaintiff himself had purchased the gyroglider from defendant, the laws of this State will be applied in determining whether plaintiff has alleged a cause of action *ex contractu.*

2. Sales § 5—

A stranger to a contract of sale may not recover against the seller for breach of warranty, and in the absence of allegation by plaintiff that he purchased the chattel from defendant, demurrer is properly sustained in his action for breach of warranty, notwithstanding allegations pertinent to a cause of action for negligence that the chattel failed to comply with Federal statutes designed to promote safety and that plaintiff was injured as the result of such failure.

3. Pleadings § 19—

Where a pleading is defective in omitting allegations essential to plaintiff's cause of action, demurrer thereto is properly sustained, but the action should not be dismissed without giving plaintiff an opportunity to amend.

APPEAL by plaintiff from *Heman Clark, J.,* November 1962 Regular Civil Term of WAKE.

Plaintiff seeks compensation for injuries sustained in the fall of a gyroglider. The complaint alleges defendant manufactured and sold the parts used to construct the glider. Plaintiff bases his right to recover on two theories: The first cause of action is based on the theory of negligence in designing gliders and in producing the parts purchased by plaintiff to assemble the glider. The second cause of action is based on allegations that defendant warranted the design and materials sold by it to be suitable for the construction of a glider which could be operated with safety and that the warranty so given was false.

Defendant demurred to each of the causes of action for that neither stated facts sufficient to impose liability on it. The demurrer was overruled as to the first cause of action and sustained as to the second, and that action was dismissed. Plaintiff appealed.

*Warren C. Stack by James L. Cole for plaintiff appellant.*
*Purrington & Culbertson by John K. Culbertson for defendant appellee.*

RODMAN, J.   The basic facts on which plaintiff relies to support his claim for damages are stated in his first cause of action and restated in his second cause.

Summarized, the facts stated in the second cause of action are:

Defendant, a domestic corporation has its place of business in Wake County, N. C.; it is "engaged in the business of designing, manufacturing and selling various aeronautical machines, devises, crafts and products associated with the aviation industry"; it designed, manufactured, and sold "a rotary-wing, one-man rotor-craft under the nomenclature and trade name of Bensen Model B-7 'Gyro-glider' "; on 1 June 1961 plaintiff purchased a new gyroglider in the original carton in which it was shipped from defendant's plant. It was packaged in two sections, one containing the glider body, and the other containing the rotor blades designed for attachment to the body. "Prior to the purchase by the plaintiff of the particular Bensen Model B-7 'Gyro-glider,' the corporate defendant issued express representations and warranties by advertisement in national publications that the plaintiff and others of the consumer public could purchase and use the Bensen Model B-7 'Gyro-glider' for the intended purpose of rotary flight and in complete safety to the plaintiff and other members of the consumer public." (Attached to the complaint is an exhibit consisting of a statement signed in defendant's name by its president and a writing captioned: "QUESTIONS AND ANSWERS ABOUT BENSEN MODEL B-7M GYRO-COPTER." He relies on this exhibit to establish the asserted warranties.)

Plaintiff, a resident of Los Angeles County, California, on 3 June 1961, transported the gyroglider to El Mirage, Dry Lake, California, where he assembled the parts in accordance with written instructions prepared by the manufacturer.

Plaintiff explains how the glider operates: It must be towed at a minimum speed of 20 m.p.h.; when that speed has been reached, the rotor blades begin operating; the tow line is then released; lateral movement of the glider is by means of rudders; vertical movements

are produced by an overhead control stick in the shape of an inverted T.

Following the assembly of the parts by plaintiff, he made three airborne flights. The first two such flights were completely successful. On the third flight he "ascended to the altitude of approximately 100 feet, at which time the tow line was released and the plaintiff proceeded with his flight with the rotor blades section furnishing the means of flight potential; and suddenly and without warning the 'Gyro-glider' rapidly lost 25 feet of altitude in what is generally referred to as a nosedive, following which the glider continued in a line vertical to the ground and proceeded to nosedive into the ground, striking the ground with force and violence resulting in the 'Gyro-glider' being demolished and the plaintiff sustaining painful, critical and permanent injuries."

Plaintiff is an experienced aviator and "has logged over 200 hours in various types of airplanes plus approximately four hours' instruction in gliders." The published statements amounted to "express warranties as to the mechanical fitness of the 'Gyro-glider' . . . that the particular Model B-7 'Gyro-glider' purchased by the plaintiff was not air-worthy as the defective materials or defective design, or both, in the rotor blade section would bind or freeze with use causing the plaintiff or other users of the 'Gyro-glider' to lose all control over the 'Gyro-glider' while it was airborne."

What laws should be applied to the alleged facts to determine defendant's liability for the asserted breach of warranty? Plaintiff contends the law of California is controlling. He bases this contention on two grounds: First, the law of the state where the injury occurred determines whether an act is a tort or breaches a contract; second, we should infer from the facts alleged, i.e., his residence, the date of purchase, 1 June 1961, and use of the purchased article at Dry Lake, California, that the parts were purchased in California.

Plaintiff correctly states the law with respect to acts assertedly tortious. *Shaw v. Lee,* 258 N.C. 609, 129 S.E. 2d 288, and cases there cited. But the rule is different with respect to the interpretation of contracts and what constitues a breach thereof. *Roomy v. Ins. Co.,* 256 N.C. 318, 123 S.E. 2d 817; *Motor Co. v. Wood,* 237 N.C. 318, 75 S.E. 2d 312; *Price v. Goodman,* 226 N.C. 223, 37 S.E. 2d 592; *Bundy v. Commercial Credit Co.,* 200 N.C. 511, 157 S.E. 860.

We are not willing in this day and time, when an experienced aviator such as plaintiff can travel from Los Angeles to any part of the continental United States in a few hours, to assume a fact which plaintiff has not alleged and may not be willing to allege. In the

absence of factual allegations calling for the application of a different rule of law, we think it proper in a suit brought in this state to apply the law of this state in determining whether or not plaintiff has alleged a cause of action.

What is that law? The word "warranty" by definition implies a contractual relation between a party making a warranty and the beneficiary of the warranty. *Bobbitt, J.,* said in *Wyatt v. Equipment Co.,* 253 N.C. 355, 117 S.E. 2d 21: "A warranty, express or implied, is contractual in nature. Whether considered collateral thereto or an integral part thereof, a warranty is an element of a contract of sale." Applying the definition he said: "Absent privity of contract, there can be no recovery for breach of warranty except in those cases where the warranty is addressed to an ultimate consumer or user. Ordinarily, the rule that a seller is not liable for breach of warranty to a stranger to the contract of warranty is applicable to an employee of a buyer. (citation) Negligence is the basis of liability of a seller to a stranger to the contract of warranty. *Enloe v. Bottling Co.,* 208 N.C. 305, 180 S.E. 582, and cases cited; *Caudle v. Tobacco Co.,* 220 N.C. 105, 16 S.E. 2d 680."

It was urged in *Ward v. Sea Food Co.,* 171 N.C. 33, that a consumer having no contractual relationship with the manufacturer or producer could, when injured because of a defect in the use of the article, maintain an action *ex contractu* against the producer or manufacturer on the theory of an implied warranty of fitness; but defendant was held liable because of its negligence. The rule then applied has been consistently adhered to and the claim of warranty running to a remote purchase repudiated in subsequent decisions. *Thomason v. Ballard & Ballard Co.,* 208 N.C. 1, 179 S.E. 30; *Daniels v. Swift & Co.,* 209 N.C. 567, 183 S.E. 748; *Rabb v. Covington,* 215 N.C. 572, 2 S.E. 2d 705; *Walston v. Whitley & Co.,* 226 N.C. 537, 39 S.E. 2d 375; *Wyatt v. Equipment Co., supra; Prince v. Smith,* 254 N.C. 768, 119 S.E. 2d 923.

The rule announced and applied in the cases cited above is supported by the great weight of authority. Many cases are assembled in 75 A.L.R. 2d 46 *et. seq.* Under the heading "Necessity of privity where breach of warranty is asserted."

Was there a contractual relationship between plaintiff and defendant which contained a warranty as to fitness? Nowhere in his complaint, either in the first cause of action based on negligence or on the second cause of action based on breach of contract has plaintiff said where, when, and from whom he purchased the parts which he assembled to make a gyroglider. It may be inferred that he did not

purchase from defendant because in his brief he argues that he may maintain an action for breach of contract (warranty) notwithstanding the fact that he never had any contractual relationship with defendant.

Plaintiff incorporates in both his first and second causes of action allegations that defendant, in manufacturing and putting on the market gliders and parts to be assembled as gliders, failed to comply with Federal statutes designed to promote safety. The violation of a statute designed to protect persons or property is a negligent act, and if such negligence proximately causes injury, the violator is liable. *Smith v. Metal Co.,* 257 N.C. 143, 125 S.E. 377; *Lyday v. R.R.,* 253 N.C. 687, 117 S.E. 2d 778; *Drum v. Bisaner,* 252 N.C. 305, 113 S.E. 2d 560; *Reynolds v. Murph,* 241 N.C. 60, 84 S.E. 2d 273. This is an appropriate allegation on the first cause of action based on negligence and not on the second based on breach of contract.

The court correctly concluded plaintiff failed to state facts sufficient to impose liability on defendant for breach of contractual obligations to him. The other allegations therein stated are not material to that cause of action and relate to the first cause of action.

The court was in error, however, in ordering the second cause of action dismissed. The cause of action as stated was defective for failure to state sufficient facts, not because the facts stated affirmatively showed that plaintiff did not have a cause of action. The court should have allowed plaintiff an opportunity to amend so as to state, if he can, facts necessary to show defendant breached its contract with plaintiff.

The portion of the judgment sustaining the demurrer is affirmed, but the portion thereof dismissing the action is erroneous and should be stricken therefrom. It is so ordered. As so modified, the judgment is affirmed. *Walker v. Nicholson,* 257 N.C. 744, 127 S.E. 2d 564.

Modified and affirmed.