HiggiNS, J.
The plaintiff in this action seeks to recover for that: (1) The defendant bottled and sold the drink containing the deleterious substance, knowing that it would be resold for human consumption; (2) the bottler’s implied warranty of fitness extended to the ultimate consumer because of the knowledge that the contents of the bottle would be resold in the condition in which it left the bottler’s plant. The plaintiff cites as authority the decision in Ward v. Sea Food Co., 171 N.C. 33, 87 S.E. 958 (a negligence, not a warranty case); the dissenting opinion in Thomason v. Ballard & Ballard Co., 208 N.C. 1, 179 S.E. 30; Simpson v. Oil Co., 217 N.C. 542, 8 S.E. 2d 813; Davis v. Radford, 233 N.C. 283, 63 S.E. 2d 822; Service Co. v. Sales Co., 261 N.C. 660, 136 S.E. 2d 56.
Authorities generally hold that the manufacturer, processor and packager of foods and the bottler of drinks intended for human consumption are held to a high degree of responsibility to the ultimate consumer to see to it that the food and drink are not injurious to health. Responsibility to the ultimaté consumer arises upon a failure to use the required degree of care and is grounded in negligence. Wyatt v. Equipment Co., 253 N.C. 355, 117 S.E. 2d 21. Warranty — actual or implied— is contractual. It does not extend beyond the parties to the contract. “Because of the danger to life and health, the manufacturer and packer of foods and the bottler of beverages intended for human consumption, by offering them for sale, impliedly warrant the fitness of their products for such use. As pointed out, however, the warranty ex *3 tends no further than the parties to the contract of sale.” Prince v. Smith, 254 N.C. 768, 119 S.E. 2d 923; Enloe v. Charlotte Coca-Cola Bottling Co., 208 N.C. 305, 180 S.E. 582; Thomason v. Ballard & Ballard Co., 208 N.C. 1, 179 S.E. 30.
“A warranty is an element in a contract of sale and, whether express or implied, is contractual in nature. Only a person in privity with the warrantor may recover on the warranty; the warranty extends only to parties to the contract of sale. Murray v. Aircraft Corporation, 259 N.C. 638, 131 S.E. 2d 367; Prince v. Smith, 254 N.C. 768, 119 S.E. 2d 923; Wyatt v. Equipment Co., 253 N.C. 355, 116 S.E. 2d 21. A manufacturer is not liable to an ultimate consumer or subvendee upon a warranty of quality or merchantability of goods which the ultimate consumer or subvendee has purchased from a retailer or dealer to whom the manufacturer has sold, for there is no contractual relation between the manufacturer and such consumer or subvendee. Rabb v. Covington, 215 N.C. 572, 2 S.E. 2d 705; Thomason v. Ballard & Ballard Co., 208 N.C. 1, 179 S.E. 30. There is an exception to this rule where the warranty is addressed to the ultimate consumer, and this exception has been limited to cases involving sales of goods, intended for human consumption, in sealed packages prepared by the manufacturer and having labels with representations to consumers inscribed thereon. Simpson v. Oil Co., 217 N.C. 542, 8 S.E. 2d 813.” Service Co. v. Sales Co., 216 N.C. 666, 136 S.E. 2d 56.
In this case the evidence fails to show privity of contract between the plaintiff and the defendant. Without such privity there is no warranty liability. The judgment of nonsuit is
Affirmed.