SACK, Judge
(concurs in reversal, but dissents from the opinion).
The majority opinion reverses as to Byrd & Son Bottling Company solely upon the allegation in the complaint that the carton of six 7-Up soft drinks “had been bottled, manufactured, assembled and packaged by the defendant, Byrd & Son Bottling Company, and distributed to the defendant Kelly (the retailer) as a finished product ready for retail sale.” The majority construes this allegation as necessarily charging that Byrd & Son manufactured the carton and holds that, upon trial of the case, if the evidence discloses the carton was manufactured by some one other than Kelly, then no cause of action on the theory of implied warranty can be proved.
From reading the briefs and as I recall the oral argument the sole question involved was whether the cardboard carton was to be treated in the same fashion as the cup in the Lily-Tulip Cup Corporation case. Counsel appeared to assume that if no privity was required in a suit against a retailer or a manufacturer it would follow that none would be required as to the distributor or bottler who actually put the product in the stream of commerce. In fact, the sole question posed and argued by the plaintiff was: “WHETHER THE PLAINTIFF’S THIRD AMENDED COMPLAINT AL *573 LEGES FACTS SUFFICIENT TO STATE A CAUSE OF ACTION AGAINST THE MANUFACTURER OR BOTTLER UNDER THE RULE OF LAW APPLICABLE TO AN IMPLIED WARRANTY FOR FITNESS OF A CONTAINER OF SIX BOTTLES OF BEVERAGE, WHERE THERE IS NO PRIVITY.” Nothing in the briefs of the parties made any distinction between the manufacturer and bottler and I recall no distinction during oral argument.
Essentially, the Court holds that the cardboard carton was a product of intimate bodily use within the meaning of Bernstein v. Lily-Tulip Cup Corporation, 177 So.2d 362, affirmed in 181 So.2d 641, and that therefore no privity is necessary as between the plaintiff and Byrd & Son Bottling Company, treated as a manufacturer. I fully concur in the holding that the carton may be equated with the cup in the Lily-Tulip Cup case, but I disagree completely with the construction of the allegations of the complaint and with the ultimate holding that Byrd & Son must be proved to be the manufacturer of the carton.
Because the Supreme Court has held that no privity is required in a suit against a manufacturer, the majority construes the manufacturer in a narrow sense as meaning one who manufactures all the component parts. As a commonly known economic fact we know that this is not so. A manufacturer may be only an assembler of component parts. A. E. Finley and Associates, Inc., v. Medley (Fla.App.) 141 So.2d 613. It is almost a certainty that Byrd & Son, just as all other bottlers of soft drinks, does not manufacture its own cartons or bottles or caps, but that these are supplied by the various container manufacturing companies. I cannot hold that a manufacturer must be one who produces all the component parts, including the part which actually caused the injury.
Even treating the bottler as a middleman, whether wholesaler, distributor or manufacturer-distributor, the jurisdictions passing upon the question have held that no showing of privity is required, where the law of the jurisdiction has eliminated privity as against either a retailer or manufacturer. Nichols v. Nold, 174 Kan. 613, 258 P.2d 317, 38 A.L.R.2d 887 (1953); Bowman Biscuit Co. of Texas v. Hines, 240 S.W.2d 467 (Court of Civ.App., Texas 1951); Prince v. Smith, 254 N.C. 768, 119 S.E.2d 923 (N. C.1961).
In the Bowman' case, supra, the Court said:
“We therefore hold that the wholesaler, or middleman, as well as the manufacturer and retailer, who sells unwholesome food for ultimate human consumption, is liable to the ultimate consumer for his injuries directly caused thereby, under an implied warranty imposed by law as a matter of public policy even though the food is in sealed original package and he has no means of knowing that the contents are fit for human consumption.”
In an article entitled “Implied Warranty in Florida,” 12 U.Fla.L.Rev. 241 (1959) at page 257, with respect to the question “Can the wholesaler be held under the privity-un-necessary rule?”, the author states:
“It would seem a little strange to create this small island of immunity in warranty law in view of the modern Florida expressions.”
More significantly, in Hoskins v. Jackson Grain Co., 63 So.2d 514, Justice Thomas, writing for our Supreme Court, said:
“Another question arises from the appearance in the pleading of an allegation of fact, common to the cited case but not made the ground of a question there. We won’t undertake to quote the aver-ments or the motion directed to them for the point may be simply stated without such reference: would the lack of privity between the wholesaler and the planter afford an escape for the former from liability to the latter for disparity in variety, the shipment of the seed having been *574 made to the retailer and having been delivered by him to the planter ?

The general rule that an ultimate purchaser may not sue the wholesaler is not an absolute one and it seems to be losing force with the passage of time.”

Under the allegations of the complaint I think the plaintiff need prove only that Byrd & Son either bottled, manufactured, assembled or packaged the carton of 7-Up drinks and distributed it to the defendant Kelly as a finished product for retail sale. It he proves any one of these, Byrd & Son would be liable without a showing of privity if the carton was in truth defective, and I do not believe he must prove that Byrd & Son manufactured the carton in order to prove his case.
I think the middleman who has as much, if not more, to do with placing the product in commerce is equally liable with the retailer and the manufacturer, without proof of privity.