JAMES N. KINLAW v. LONG MFG. N. C., INC.

No. 7813SC629

(Filed 17 April 1979)

Sales § 8; Uniform Commercial Code § 11— breach of express warranty—privity of contract required

Plaintiff's complaint stated no claim for relief against defendant manufacturer for breach of an express warranty of a tractor purchased by plaintiff from defendant's authorized dealer since there was no privity of contract between plaintiff purchaser and defendant manufacturer, and only a person in privity with the warrantor may recover on a warranty for mechanical devices.

Judge PARKER dissenting.

APPEAL by plaintiff from *Herring, Judge.* Judgment entered 14 March 1978 in Superior Court, BLADEN County. Heard in the Court of Appeals 29 March 1979.

This is a civil action for an alleged breach of an express warranty. Plaintiff alleged that he purchased a new "Long 900" tractor and attachments from an authorized dealer of defendant-manufacturer. The "Owners Manual" delivered with the tractor contained the following language: "[E]ach new farm or agricultural tractor sold by it [the defendant] and its authorized dealers will be free from defects in material and workmanship under normal use and service for a period of one year or one thousand (1,000) hours of operation; whichever occurs first from date of purchase . . . ."

Plaintiff alleged that immediately after delivery of the tractor, and upon being put to farm use by him, the tractor began "breaking down and giving trouble." He alleged several defective, inoperative and missing parts. The tractor was taken to the dealer for service "repeatedly" and various parts were returned to defendant for repair or replacement within the warranty period. All such efforts were unsuccessful in placing the tractor in "first class working order."

Plaintiff alleged that the tractor has been and is useless and that he lost a portion of his crops as a result of the breach of warranty. He further alleged that he made numerous demands on defendant and the dealer to correct the defective conditions and to perform defendant's duties as set out in the warranty, all to no avail.

Defendant timely filed a motion to dismiss pursuant to G.S. 1A-1, Rule 12 "for failure to state a claim upon which relief can be granted in that the plaintiff alleges the breach of an express warranty by the defendant in the sale of a Long 900 tractor . . . and fails to allege facts to establish privity of contract between the plaintiff and the defendant manufacturer." The parties waived presentation of evidence and the trial court, after reviewing the pleadings and hearing arguments of counsel, allowed the motion. Plaintiff appeals.

*R. C. Soles, Jr., for plaintiff appellant.*

*Hester, Hester and Johnson, by Worth H. Hester and Biggs, Meadows, Batts, Etheridge and Winberry, by William D. Etheridge and Auley M. Crouch III, for defendant appellee.*

CARLTON, Judge.

The sole question prsented by this appeal is whether the trial court properly allowed the motion to dismiss under G.S. 1A-1, Rule 12(b)(6) for failure of the complaint to state a claim upon which relief can be granted. We agree with the trial court's ruling.

The test on a motion to dismiss for failure to state a claim upon which relief can be granted is whether the pleading is legally sufficient. 11 Strong, N.C. Index 3d, Rules of Civil Procedure, § 12, p. 294. A complaint may be dismissed on motion filed under

Rule 12(b)(6) if it is clearly without merit; such lack of merit may consist of an absence of law to support a claim of the sort made, absence of facts sufficient to make a good claim, or the disclosure of some fact which will necessarily defeat the claim. *Hodges v. Wellons*, 9 N.C. App. 152, 175 S.E. 2d 690 (1970). For the purpose of a motion to dismiss, the allegations of the complaint are treated as true. *Smith v. Ford Motor Co.*, 289 N.C. 71, 221 S.E. 2d 282 (1976).

We now turn to the question of whether the complaint states a claim upon which relief can be granted for alleged breach of an express warranty in a situation where no privity exists between plaintiff-purchaser and defendant-manufacturer. We do not have before us the question of whether there was privity between plaintiff and defendant; the parties stipulated that no privity existed. All transactions leading to the purchase took place between plaintiff and defendant's authorized dealer.

The well-established rule in North Carolina requiring privity in breach of warranty actions is periodically assailed and is often a subject of serious debate. Unquestionably, it is a rule which should stand reexamination in light of modern merchandising techniques. However, we cannot do what plaintiff, by this appeal, requests of us; it is not our prerogative to overrule or ignore clearly written decisions of our Supreme Court. The North Carolina rule was stated by Justice Moore in *Perfecting Service Co. v. Product Dev. & Sales Co.*, 261 N.C. 660, 668, 136 S.E. 2d 56, 62 (1964):

> A warranty is an element in a contract of sale and, whether express or implied, is contractual in nature. Only a person in privity with the warrantor may recover on the warranty; the warranty extends only to parties to the contract of sale. *Murray v. Aircraft Corp.*, 259 N.C. 638, 131 S.E. 2d 367; *Prince v. Smith*, 254 N.C. 768, 119 S.E. 2d 923; *Wyatt v. Equipment Co.*, 253 N.C. 355, 117 S.E. 2d 21. A manufacturer is not liable to an ultimate consumer or subvendee upon a warranty of quality or merchantability of goods which the ultimate consumer or subvendee has purchased from a retailer or dealer to whom the manufacturer has sold, for there is no contractual relation between the manufacturer and such consumer or subvendee. *Rabb v. Covington*, 215

N.C. 572, 2 S.E. 2d 705; *Thomason v. Ballard & Ballard Co.*, 208 N.C. 1, 179 S.E. 30. There is an exception to this rule where the warranty is addressed to the ultimate consumer, and this exception has been limited to cases involving sales of goods, intended for human consumption, in sealed packages prepared by the manufacturer and having labels with representations to consumers inscribed thereon. *Simpson v. Oil Company*, 217 N.C. 542, 8 S.E. 2d 813.

Plaintiff contends that if the express warranty is directed to the ultimate consumer it runs with the product to the consumer, and therefore falls within an exception to the general rule and privity is not required. He relies primarily on the Court's language in *Simpson v. Oil Company, supra.*

The language of several decisions does seem to lay the basis for further erosion of the privity requirement. Some believe the requirement should be eliminated completely. "If any court wishes to drop the requirement of privity, there is now ample and respectable authority to justify its decision to the legal world." Spruill, Privity of Contract As a Prerequisite for Recovery on Warranty, 19 N.C.L.R. 551, 565 (1941). *See generally* the concurring opinion of Justice (now Chief Justice) Sharp in *Terry v. Double Cola Bottling Company*, 263 N.C. 1, 138 S.E. 2d 753 (1964) for a thorough survey of the law in other jurisdictions. Indeed, our Supreme Court has eliminated the privity requirement in tort actions for *negligence* against a manufacturer. *Corprew v. Geigy Chemical Corp.*, 271 N.C. 485, 157 S.E. 2d 98 (1967).

We cannot, however, find a total abandonment of the rule in situations similar to the one at bar. Nor do we believe that *Simpson* creates such an exception. The Supreme Court clearly considered the *Simpson* rule to be limited to cases involving sales of goods intended for human consumption, as indicated in the language quoted above from *Perfecting Service Co. v. Product Dev. & Sales Co., supra. See also Terry v. Double Cola Bottling Company, supra; Byrd v. Star Rubber Company*, 11 N.C. App. 297, 181 S.E. 2d 227 (1971); *Coffer v. Standard Brands, Inc.*, 30 N.C. App. 134, 226 S.E. 2d 534 (1976). Professor Hodge wrote, "In short, this case seems to stand for the proposition that any relaxation of the privity requirement in warranty cases can apply only in isolated sales of articles for human consumption." Hodge,

Kinlaw v. Long Mfg.

"Products Liability: The State of the Law in North Carolina." 8
W.F.L. Rev. 481, 489 (1972).

Whether the rationale for abandoning the requirement in
negligence actions applies with equal force to breach of warranty
actions is not for us to say. There are obvious and valid distinc-
tions between goods intended for human consumption and defec-
tive mechanical products. In the former, the item is usually
consumed very soon after being removed from a sealed container.
There is little, if any, opportunity for anyone to alter the contents
between the time the product leaves the manufacturer and
reaches the ultimate consumer. Mechanical gadgets, however, are
normally used over a considerable period of time and are more
subject to misuse by intermediate and ultimate handlers. *See*
Green, "Should the Manufacturer of General Products be Liable
Without Negligence?", 24 Tenn. L. Rev. 928 (1957). On the other
hand, modern advertising techniques by manufacturers are ob-
viously designed to reach the ultimate consumer. But these are
considerations for another day. For now, our law requires that
only a person in privity with the warrantor may recover on the
warranty for mechanical devices. For that reason the order of the
trial court is

Affirmed.

Judge HEDRICK concurs.

Judge PARKER dissents.

Judge PARKER dissenting.

Plaintiff purchased from one of defendant's authorized
dealers a new "Long 900" farm tractor manufactured by defend-
ant. He alleges that he paid $15,970.26 for the tractor with certain
accessory equipment and that, because of defective and missing
parts, the tractor "for all practical purposes was, has been, and
still is worthless and useless." He brings this action against the
manufacturer to recover damages for breach of an express writ-
ten warranty of the tractor. The trial court allowed defendant's
Rule 12(b)(6) motion to dismiss the complaint for failure to state a
claim upon which relief can be granted on the grounds that the
plaintiff "fails to allege facts to establish privity of contract be-

tween the plaintiff and the defendant manufacturer." The majority opinion affirms the dismissal on the same grounds. Because I think the result comports neither with reason nor controlling authority, I dissent.

A complaint should not be dismissed for failure to state a claim upon which relief can be granted unless it appears to a certainty that plaintiff is entitled to no relief upon any state of facts which could be proved in support of the claim. *Sutton v. Duke*, 277 N.C. 94, 176 S.E. 2d 161 (1970). No such certainty appears in the present case. On the contrary, it appears to me that if plaintiff proves his allegations as to the defective condition of the tractor, he may be entitled to recover damages from the defendant for breach of its express written promissory warranty. In my view this would result simply from application of traditional notions of contract law without the necessity of making any further assault upon the crumbling citadel of privity. *See* concurring opinion by Sharp, J. (now C.J.) in *Terry v. Bottling Co.*, 263 N.C. 1, 138 S.E. 2d 753 (1964).

A copy of the written warranty upon which plaintiff sues was attached as an exhibit to plaintiff's complaint. In its answer defendant admitted that "the printed document marked Exhibit A and attached to the Complaint as amended, is the Long Mfg. N.C., Inc. warranty, applicable to Model 900 tractors manufactured by the defendant Long." The printed warranty is as follows:

LONG MFG. N. C. INC. TRACTOR WARRANTY

Long Mfg. N.C. Inc., warrants that (except as set forth in the third paragraph) each new farm or agricultural tractor sold by it and its authorized dealers will be free from defects in material and workmanship under normal use and service for a period of one year or one-thousand (1,000) hours of operation, whichever occurs first from date of purchase. Long's obligation under this warranty is limited to repairing or replacing at its option in an authorized Long Tractor Dealer's place of business any part or parts that, which within the applicable period previously stated, are returned to its factory in Tarboro, North Carolina, or one of its distributing branches in Tifton, Georgia; Carrollton, Texas; Memphis, Tennessee, or Davenport, Iowa, with transportation charges prepaid. Long's examination must show that the

returned part or parts to have been defective at time of manufacture. Replacements made pursuant to this warranty shall be warranted only for the remainder of the period applicable to the tractor.

The warranty becomes effective upon receipt by Long Mfg. N.C. Inc. of a properly completed Pre-Delivery Inspection Report. Continued warranty is dependent upon the receipt by Long of properly completed Warranty Continuation cards at the times specified on the card. It is the Owner's responsibility to notify his Long Dealer when these mandatory inspections are due and can be performed.

Long makes no warranty with respect to tires, tubes or batteries since such products are warranted separately by the respective manufacturers. This warranty shall not apply to any tractor or part that has been repaired or altered outside of Long's factory or an authorized dealer's shop.

This warranty does not apply if said equipment has been subjected to misuse, negligence on the part of the owner or operator, or accident. This warranty does not extend to expendable items that within normal usage may be replaced within the warranty period including such items as air filters, engine and hydraulic oil, oil filters and light blubs. (sic). The warranty does not cover normal maintenance, services such as engine tune-up, cleaning or minor adjustments.

No other warranty whether of merchantability, fitness or otherwise, expressed or implied, in fact or by law, is given by Long with respect to any new tractor or part and no other or further obligation or liability shall be incurred by Long by reason of the manufacture or sale of any new tractor or part whether for breach of any warranty, negligence of manufacture or otherwise.

---

**\* IMPORTANT \***

The obligations of Long set forth in the first paragraph above shall be the exclusive remedy for any breach of warranty hereunder. In no event shall Long be liable for any general, consequential, or incidental damages including, without limitations, any damages for loss of use or loss of profits.

No distributor, dealer, agent or employee of Long is authorized to extend any other or further warranty or incur any additional obligation on Long's behalf in connection with the sale of its products.

Long reserves the right to make changes in its products at any time and without prior notice. When such changes are made, neither Long nor its Dealers assume any obligation to change, modify or update products previously manufactured.

That defendant's written warranty was directed to the ultimate purchaser seems obvious from its language, for only the ultimate purchaser would have occasion to subject the tractor to "normal use and service for a period of one year or one-thousand (1,000) hours of operation." The copy of the printed warranty filed with this court as an exhibit discloses that the warranty appears on the inside cover of an attractively printed booklet entitled "Owner's Manual — Long 900 Tractor." This booklet was obviously designed to provide the ultimate purchaser of the tractor with detailed information as to its proper operation, servicing, and maintenance. That the warranty occupies such a conspicuous position in the owner's manual further confirms that it was intended to be seen and relied upon by the ultimate purchaser of the tractor.

In my view the promulgation of such a warranty by the manufacturer constitutes a continuing offer addressed to anyone considering purchase of the manufacturer's product from an authorized dealer, an offer open to acceptance by completion of the purchase. When plaintiff purchased the new tractor from one of defendant's authorized dealers, he accepted defendant's outstanding offer to warranty its condition. The offer and acceptance resulted in the creation of a separate contract of warranty made directly between plaintiff and defendant, the consideration for which was plaintiff's act in purchasing the tractor, an act which obviously benefited the defendant. This is the contract which plaintiff seeks to enforce in this action, and as to this contract there is privity between plaintiff and defendant.

Courts applying traditionally accepted concepts concerning the formation of express contracts have long ago found no difficulty in enforcing the written promises of a manufacturer made to the ultimate purchaser of its product from an independent dealer.

*Timberland Lumber Co. v. Climax Mfg. Co.*, 61 F. 2d 391 (3rd Cir. 1932); *Studebaker Corp. v. Nail*, 82 Ga. App. 779, 62 S.E. 2d 198 (1950); *see* Spruill, *Privity of Contract as a Requisite for Recovery on Warranty*, 19 N.C.L. Rev. 551, 553-54 (1941). The following from the opinion in *Studebaker v. Nail, supra,* is particularly pertinent to the present case:

> In this day of progressive and highly competitive business, a warranty of his product by a manufacturer to the ultimate purchaser of his product may be intended by the manufacturer as an added inducement to the ultimate purchaser to buy the product of that manufacturer rather than that of his competitor. The consideration for such a warranty would be the purchase by the ultimate purchaser of that manufacturers product, which is in effect a direct purchase as it would have been if the purchaser had bought from an agent of the manufacturer instead of an independent dealer or contractor. There are many products sold today where the manufacturer warrants to the ultimate purchaser the virtues of his product and intends to bind himself by such warranties. See: "Business Practice Regarding Warranties in the Sale of Goods" by Bogert and Fink, 25 Ill. L. Rev. 400. Certainly it would be a great injustice to the buying public not to hold enforceable a warranty made by a manufacturer and relied upon by the purchasers. It is the ultimate purchaser that makes the manufacture of the product possible, the purchase by intermediate distributors and dealers being merely a means of distribution to the ultimate purchaser. This decision deals only with express warranties where a manufacturer expressly and directly warrants his products to the ultimate purchaser. We recognize the principle that implied warranties of law are imposed only as between parties in privity of contract but they are rules of law which the law imposes on contracting parties. Generally the law does not bridge the gap between the manufacturer and ultimate purchasers by implying warranties, but it throws up no barrier preventing a manufacturer from itself bridging the gap. There is no obstacle preventing a manufacturer from making a contract with an ultimate consumer to guarantee an article sold to the latter, directly or indirectly, if the elements of intention to contract and consideration are present, as they are in this case.

*Studebaker Corp. v. Nail*, 82 Ga. App. 779, 783-84, 62 S.E. 2d 198, 201-02 (1950).

Our own Supreme Court in *Simpson v. Oil Co.*, 217 N.C. 542, 8 S.E. 2d 813 (1940) recognized the right of an ultimate purchaser to maintain an action against the original manufacturer based on the manufacturer's express warranty of its product, even though the purchase was not made from the manufacturer but from an independent retailer. In that case plaintiff purchased from a drug company a can of insecticide which bore directions for use and a legend asserting its harmlessness to human beings. Upon use of the product, plaintiff suffered a severe skin reaction. She sued the manufacturer. In recognizing her right to maintain the suit, Seawell, J., speaking for our Supreme Court, said:

> Here we have written assurances that were obviously intended by the manufacturer and distributor of Amox for the ultimate consumer, since they are intermingled with instructions as to the use of the product; and the defendant was so anxious that they should reach the eye of the consumer that it had them printed upon the package in which the product was distributed. The assurances that the product as used in a spray was harmless to human beings while deadly to insects was an attractive inducement to the purchaser for consumption, and such purchase in large quantities was advantageous to the manufacturer. We know of no reason why the original manufacturer and distributor should not, for his own benefit and that, of course, of the ultimate consumer, make such assurances, nor why they should not be relied upon in good faith, nor why they should not constitute a warranty on the part of the original seller and distributor running with the product into the hands of the consumer, for whom it was intended.

*Simpson v. Oil Co.*, 217 N.C. 542, 546, 8 S.E. 2d 813, 815-16 (1940).

I am, of course, advertent to the language in *Service Co. v. Sales Co.*, 261 N.C. 660, 668, 136 S.E. 2d 56, 62-3 (1964):

> There is an exception to this rule [requiring privity] where the warranty is addressed to the ultimate consumer, and this exception has been limited to cases involving sales of goods, intended for human consumption, in sealed pack-

Kinlaw v. Long Mfg.

ages prepared by the manufacturer and having labels with representations to consumers inscribed thereon.

That case, however, did not involve the situation which is presented in the present case of a continuing offer of warranty held out by the manufacturer for acceptance by those it hoped would ultimately buy its product. On the contrary, the *Service Co.* case arose out of a complex series of negotiations and renegotiations of contracts among the plaintiff manufacturer and the two defendants which ended with one of the defendants being in the position of a purchaser from the manufacturer and the other being a sub-purchaser. Moreover, the only authority cited for the proposition above quoted from the *Service Co.* case was *Simpson v. American Oil Co., supra,* which most definitely did *not* involve goods "intended for human consumption." Under the circumstances, I fail to see either such logic or precedential authority in the above quoted language from *Service Co.* as would compel dismissing plaintiff's action in the present case.

Every purchaser of a new car from an automobile dealer is, or should be, familiar with the carefully restricted printed warranty customarily issued by the manufacturer and usually contained in the "owners manual" delivered by the authorized dealer to the purchaser on completion of the purchase. Just such a warranty is involved in the present case. The very limited obligation which the manufacturer assumes, to repair or replace defective parts, may ultimately prove of small value to the purchaser. Nevertheless, it would doubtless come as an unpleasant surprise to him to be told, as the plaintiff has been told in this case, that the courts of this State will not hear him when he complains because the manufacturer refused to do even those few small things which it expressly promised him it would do. I do not believe either logic or precedent requires that the citizens of this State be treated so shabbily. Accordingly, I vote to reverse the order dismissing plaintiff's complaint.